Cody B. West
4316 Blushed Meadows Road
North Las Vegas, NV  89031
Telephone ( 702) 575-2532
Facsimile ( )
Plaintiff in Proper Person

2010 NOV 22  A 10: 19

UNITED STATES DISTRICT COURT
District of Nevada

CODY B. WEST

    Plaintiff

vs.

BANK OF AMERICA HOME LOANS and

BANK OF AMERICA N.A. and

BAC HOME LOANS SERVICING, LP,

RECONTRUST COMPANY and

MERS (Mortgage Electronic Registration Systems)

    Defendant(s)

Case No.: 2:10-cv-01950-GMN-LRL

AMENDED COMPLAINT
Pursuant to Fed R. Civ P. 15(a) 1(b)

FOR
1. DECLARATORY RELIEF;
2. QUIET TITLE;
3. MONEY DAMAGES FOR FRAUDULENT ATTEMPT TO FORECLOSE

DEMAND FOR JURY TRIAL PURSUANT TO RULE 38, FED.R.CIV.PRO. AS TO ALL ISSUES SO TRIABLE

PLAINTIFF, Cody B. West, In Proper Person, hereby files this Amended Complaint pursuant to Fed. R. Civ. P. 15(a) 1(b) against Bank of America Home Loans, Bank of America N.A., BAC Home Loans Servicing, LP, Recontrust Company and MERS (Mortgage Electronic Registration Systems) Defendants, regarding Real Property located at 4316 Blushed Meadows Road, North Las Vegas, Nevada 89031.  Plaintiff alleges as follows:

THIS ACTION

    The Plaintiff bringing this action seeks to prevent the improper taking of the family home by false pretenses. Initially, a bank loaned money to the family to buy the family home, but later was paid in full when it sold the loan involved to others. This bank is now owed

1

nothing because they have been paid in full, yet nonetheless, the bank claims that it is still owed money and is using this false claim to attempt to force the family to continue paying on the debt which the bank has sold to others and thus has no right to collect. Moreover, the bank has threatened to take away the family home by foreclosure unless the family continues to pay the debt. The family is thus forced to bring this action in order to 1) prevent double paying this bank on the debt and/or 2) pay the wrong party, and/or 3) prevent the wrongful taking of the family home by a bank no longer having a right to foreclose on it.

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Cody B. West is a citizen of the State of Nevada, residing in North Las Vegas, within this District.

2. Defendant Bank of America Home Loans is wholly-owned by Bank of America, N.A. Bank of America's principal office is in North Carolina for purposes of diversity.

3. Defendant BAC Home Loans Servicing, LP is a Texas limited partnership wholly-owned by Bank of America, N.A. Bank of America's principal office is in North Carolina for purposes of diversity jurisdiction.

4. Defendant Bank of America, N.A. incorporated under the laws of the state of Delaware and has its principle place of business in North Carolina.

5. Defendant Recontrust Company is a national banking association whose principal place of business is not located in Nevada.

6. Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC (hereafter "MERS") is a Delaware corporation with its principle place of business in Virginia.

7. The amount in controversy exceeds $75,000.00 exclusive of interest and costs and this action seeks declaratory relief. Accordingly this Court has jurisdiction over this action

pursuant to 28 USC §1332(a)(2), diversity of citizenship, and pursuant to 28 USC §2201, conferring jurisdiction to grant declaratory relief).

8. Venue is proper within this District pursuant to 28 U.S.C. §1391 because the real property that is the subject of this action is situated in this district.

## FACTS

There exists a certain investment entity registered as a Mortgage Backed Security Debt Pool, which is hereinafter referred to as the "Debt Pool." This Debt Pool accepts large investments of cash which cash investments are to be used by the operator of the Debt Pool to look for and purchase debts, or, alternatively, are advanced to lenders, usually banks, for the purpose of making loans that are then transferred to the Debt Pool in the manner described herein. The debts involved were secured at origination, and this security took the form of Deeds of Trust which allowed the owner of the debt to take over and sell the property securing the debt if the borrower did not pay the owner of the debt as agreed. The debts purchased by this Debt Pool are installment debts, that is, debts which are to be repaid, with interest, over a term of years by installment payments, usually paid monthly. Under the tax laws, such installment debt purchased by these Debt Pools enjoys a tax advantage, namely, the installment payments made by the debtor on that debt to the Debt Pool after it is purchased by the Debt Pool are not taxed. <u>To qualify for this tax exemption, however, the Debt Pool must purchase the debt outright and the prior owner of the debt, who sold it to the Debt Pool, must relinquish all right and title to the debt, and all interest it had in it</u>. The overwhelming majority of the debt purchased by this Debt Pool is the debt owned by the debtors on their homes or other real property belonging to them, which debts are secured by a Mortgage/Deeds of Trust on that home or property.

Once the installment debt referred to above is owned by the Debt Pool, it issues

3

certificates or bonds, called "Mortgage Backed Securities" or "MBS's" to the investors who invested the money used to make these installment debt purchases. These MBS's entitle the owners to receive dividends from the Debt Pool which are paid by the Debt Pool to the investors from the installment payments made to the Debt Pool on the installment debt it has purchased. These MBS's also entitle the owners of them to enforce the security agreements (Mortgages/Deeds of Trust) securing the indebtedness owned by the Debt Pool as those security agreements, by operation of law, follow the debt they secure into the Debt Pool and are then owned by the MBS owners because they are the beneficial owners of all the assets in the Debt Pool.

The Debt Pool also insures its assets, the installment debts, against the risk that the installments will not be paid. When such non-payment occurs, the Debt Pool operator, or someone acting on its behalf, declares the debt involved in default, and obtains reimbursement for the defaulted debt from the insurance carrier which issued the insurance against that default. When insurance payments are made, the carrier has rights in the debt involved by subrogation.

### The Debt Involved in this Case

Plaintiff is the owner of real property located at 4316 Blushed Meadows Road, North Las Vegas, Nevada, within this district (hereinafter "the Property"). The Plaintiff lives in the Property which he makes as the home for his family.

On or about February 6, 2006, unknown persons, who are investors in the Debt Pool described above, advanced money from that Debt Pool to original lender, which in turn lent that money, approximately $232,000.00 and $58,000.00 to the Plaintiff, who, in exchange, executed Promissory Notes in the amount of $232,000.00 and $58,000.00 (hereinafter the "Notes"), in favor of original lender. Plaintiff also executed Deeds of Trust to secure repayment of the debts

4

covered by the Notes (hereinafter the "Subject Deeds of Trust."), and made MERS the beneficiary under this "Subject Deeds of Trust."

Said Trust Deeds name as beneficiary thereof defendant MERS acting solely as nominee for Lender and Lender's successors and assigns, and the successors and assigns of MERS.

MERS is a private corporation that administers the MERS system, a national electronic registry that tracks the transfer of ownership interests and servicing rights in mortgage loans. Through the MERS system, MERS purports to become the mortgagee of record for participating members through assignment of the members interests to MERS. MERS is listed as the grantee in the official records maintained at county recorders offices. The lenders initially retain the promissory notes as well as the servicing rights to the mortgages. The lenders can then sell these interests to investors.

The first position Trust Deeds recite that the Beneficiary of this security instrument is defendant MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS and

> **"Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right to exercise any or all of these interests, including, but not limited to, the right to foreclose and sell the property; and to take any action required of Lender including, but not limited to, releasing and canceling this Deeds of Trust."**

Bank of America Home Loans, now claims to own the Note, the indebtedness created thereby, and the rights as beneficiary under the Subject Deeds of Trust.

Upon information and belief, either Aspen Mortgage, or Bank of America Home Loans, as its successor, sold or assigned the debt referred to above into the Debt Pool referred

to above and was, as of the date of that sale, fully paid all amounts owed to it under the Note evidencing that debt. The Subject Deeds of Trust followed the debt into the Debt Pool by operation of law. The debt and the Subject Deeds of Trust securing it were pooled with other such debts collectively and form the basis of the MBS's issued by the Debt Pool in the manner described above. Consequently, current lender no longer owns the debt nor retains any interest in the Subject Deeds of Trust nor any of the rights under either.

These MSB's were issued to person or persons unknown who now own all right and title to, and interest in the Plaintiff's indebtedness and the Subject Deeds of Trust.

As a result of the transfer of the debt to the Debt Pool and the subsequent issuance of the MBS's in the manner described above, neither Aspen Mortgage, nor Bank of America Home Loans, as its successor, are the present owners of the Plaintiffs debt evidenced by the Note and have no right to be paid on said Note. They have already been paid in full, because either Aspen Mortgage or Bank of America Home Loans, after it became the successor in interest, sold the debt in full.

Because they are not the owners of the debt and have no interest in it, they are not the holders of the Note under Nevada law and, if they or either of them possess the Note, they are a mere custodian of it with no right to enforce it or the Subject Deeds of Trust. Plaintiff does not know the present owners of the debt evidenced by the Note, or the obligees thereon, which unknown party or parties is or are also the owners of the Secured Deeds of Trust.

Indeed, there is a substantial possibility that the owner of the debt and thus the obligee has already been fully repaid on the Notes which, because it is in default, may well have been paid by the default insurance referred to above. Such payment would operate to divest the owner or obligee of any right to the indebtedness and the Secured Deeds of Trust and

transfer all such rights by subrogation to the insurance company paying on the default.

Whoever does now have the rights involved, neither Aspen Mortgage nor Bank of America Home Loans, as its successor, have any right to the debt involved nor any right to enforce the Subject Deeds of Trust. They previously sold all those rights, know they have done so, and thus know that they have no further rights on the indebtedness and the Subject Deeds of Trust. Despite this, they are at present attempting to foreclose on the Property using the Notes and the Subject Deeds of Trust they previously sold as their purported basis for doing so, thereby attempting to wrongfully remove the Plaintiff from his home and the property which he purchased.

Through the conduct described above, Bank of America Home Loans attempted to collect on a debt it no longer owns.

Neither the investors in the mortgage backed securities nor any other entity or person who may now have a right to payment from the Plaintiff or who is a lawful beneficiary under the Subject Deed of Trust ever declared a default of the Note, no true beneficiary with a beneficial interest under the Subject Deed of Trust has ever declared a default under the Note and Subject Deed of Trust, and no proper beneficiary under the Subject Deed of Trust ever directed a sale of the property owned by Plaintiff.

The Plaintiff, knowing that his debt and the Secured deed of Trust have been sold, have requested from defendant Bank of America Home Loans that it disclose the identity of the person or persons now owning the right to the LOUDER indebtedness and the Secured Deed of Trust, but the defendant Bank of America Home Loans has not answered this request.

### The Evidence

On or about June 19, 2010, July 9, 2010, and July 14, 2010, Defendants received from Plaintiff an "acceptance of offer/claim upon presentment of original note" tendering full

settlement in legal tender funds held in escrow for Account # 117481522 in the amount of $234,137.95 (with fees and costs), including notice of their appointment as fiduciaries (being holders in due course) for the settlement of this Loan. Defendants were given instructions to pick up funds held by the escrow agent in exchange for the original, unaltered, (wet ink signature) note. The Defendants were given notice and opportunity to settle the account, and then remained silent, declined to withdraw and thereby agreed to be bound by the terms of the Contract. Under U.C.C. 3-603 refusal of tender of payment is full settlement.

On August 23, 2010, Plaintiff executed and served upon Defendants via Certified Mail #7009-3410-0001-0397-5186 a Notice of Right to Cancel, an Affidavit – Commercial Oath and Verification and a Final Notice of Default regarding the Loan, thereby rescinding said purported mortgage for good cause, including failure of consideration; refusal of settlement, failure to provide full disclosure; failure to provide an opportunity to cancel as required by TILA, and due to the fact that *ab initio* no contract was ever formed (fraud in the inducement). Under the terms of the Plaintiff's Contract, Defendants had a duty to properly respond within 20 days. The Defendants' default, failure and non-compliance to perform under the Contract constituted the Notice of Right to Cancel as valid and fully agreed/accepted pursuant to the terms and conditions set forth therein and throughout. Therefore, Defendants waived their rights after the 20 days they were given to respond under the terms of the rescission and self-executing agreement and are fully bound by the terms of the aforesaid Rescission: *U.S. v. Tweel, 550 F. 2d.297.* "Silence can only be equated with fraud where there is a legal or moral duty to speak or where an inquiry left unanswered would be intentionally misleading."

The aforesaid Loan is a Counterfeit Security in that the Defendants deceived and defrauded the Plaintiff, and thereafter admitted to said fraud by virtue of the fact that on three separate occasions, they had notice and opportunity to settle the account (in exchange for the original wet-ink signature note) provided by Plaintiff, but refused to do so. The Defendants had a duty, as appointed fiduciaries, to acknowledge receipt of payment and to settle the Loan, instead remained silent, and refused settlement, thereby admitting that Defendants do not possess the original note, and are not "holders in due course" of the note and the deed of trust.

Furthermore, as no explicit denial was received, Defendants admit that the original promissory note was illegally converted (from a note to a draft and security) and sold by them to raise the funds to conduct their business with Plaintiff, and subsequently sold to other buyers of notes an undisclosed number of times, at a discount. There is no evidence to disprove Plaintiff's signature on the note, has generated several times the original face amount of the note, and none of these funds have been credited to Plaintiff or the alleged Loan account, which was never disclosed to Plaintiff and is fraud in the inducement.

### First Cause of Action: Declaratory Judgment

An actual controversy exists between Plaintiff and defendants Bank of America Home Loans, BAC Home Loans Servicing, LP, and Recontrust Company regarding whether they have any interest in the indebtedness of Plaintiff and any right to sell the property under the rights conferred under the Subject Deeds of Trust or otherwise. The Defendants claim to have ownership of the debt and/or the right to enforce the Secured Deed of Trust and has given Plaintiff notice of their intent to do so by non-judicial foreclosure. Conversely, for the reasons described above, Plaintiff contends that defendants Bank of America Home Loans and Recontrust Company has no further right whatever in the indebtedness and no right to enforce the Secured Deed of Trust because it has been paid in full and those rights have therefore all passed to some other party unknown to Plaintiff and undisclosed by Bank of America Home Loans.

This Court should, pursuant to 28 USC §2201, by a declaratory judgment, declare the rights of the parties to this controversy. The Court should appropriately advance this matter on the calendar as provided by Rule 57, Fed. R. Civ. Pro.

In the circumstances stated in this Complaint this Court should declare that defendants Bank of America Home Loans, BAC Home Loans Servicing, LP, and Recontrust Company has no interest in the Plaintiff's indebtedness nor any rights under the Subject Deeds of Trust and has no lawful authority to foreclose on the Property, and more specifically, that Bank of America Home Loans, BAC Home Loans Servicing, LP, and Recontrust Company:

        a.    lacked authority to declare a default or otherwise pursue collection of the debt evidenced by the Note;

        b.    lack authority to sell the property specified in the Subject Deeds of Trust;

        c.    could not, if any trustee sale were allowed in these circumstances, give trustee's deed which would be free and clear of the debts evidenced by the Note; and

        d.    could not give an enforceable release of the Subject Deeds of Trust.

### Second Cause of Action: Quiet Title

The sale by Bank of America Home Loans of the debt extinguished any right and title it had to the Property and any interest it had in the Subject Deeds of Trust. Yet Bank of America Home Loans still claims to have rights under said Subject Deeds of Trust which are a cloud on the title to the Property, unfairly and unlawfully restraining the alienability of the Property by the Plaintiff in a way which has damaged and continues to damage him.

This Court should enter its Order herein forthwith quieting title to the subject property in Plaintiff and against Bank of America Home Loans freeing title to the Property of the lien and encumbrance created and maintained improperly by Bank of America Home Loans and its false assertion to post sale rights in the Property and in the Subject Deeds of Trust.

### Third Cause Of Action: Accounting

Plaintiff seeks a full accounting for the transfers of his promissory notes and the securitization of his promissory notes.

### Fourth Cause Of Action: Refund, Fees And Costs

The Trust Deeds have been unenforceable by defendants from the first transfer of the debt as set out hereinabove.

Defendant Bank's pretense of authority to foreclose, or attempt to foreclose, under the Trust Deeds would be fraudulent.

Defendant Bank's assertions to the Court herein that they hold and are entitled to enforce the debt would constitute a fraud upon the Court, subjecting defendants to sanctions and imposition of fees and costs under Rule 11, F.R.C.P.

The Court should enter its Order herein forthwith to defendants, jointly and severally, to pay to Plaintiff its fees and costs, together with reasonable attorney's fees, to be shown by affidavit, and to reimburse to Plaintiff its fees, charges, principal and interest paid fraudulently under the debt and Trust Deeds.

**WHEREFORE**, Plaintiff prays that the Court enter its Order herein:

1. Enjoining further dispositions of the subject realty pending resolution hereof.

2. Declaring that Defendants and Trustee lack any interest in the subject property which might permit them to foreclose, or attempt to foreclose, the Trust Deeds and/or to sell the subject property;

3. Terminating all present collection activities upon any security in the subject property and enjoining any further such collection actions not originated by the owners of the debt.

4. Declaring that the Trust Deeds are not a lien against the subject property, ordering the immediate release of the Trust Deeds of record, and quieting title to the subject property in Plaintiff and against Defendants and all claiming by, through, or under them;

5. Refunding Plaintiff from Defendants, jointly and severally, all fees and charges, principal and interest paid under the Trust Deeds, and awarding Plaintiff its cost of the action, including reasonable attorney's fees; and

6.    For such other and further relief as the Court deems just in the premises.

Dated this 22 day of November, 2010.

*Cody B. West*
Cody B. West
Plaintiff
In Proper Person

UNITED STATES DISTRICT COURT
District of Nevada

| | |
|---|---|
| CODY B. WEST <br><br> Plaintiff <br><br> vs. <br><br> BANK OF AMERICA HOME LOANS and <br><br> BANK OF AMERICA N.A. and <br><br> BAC HOME LOANS SERVICING, LP, <br><br> RECONTRUST COMPANY and <br><br> MERS (Mortgage Electronic Registration Systems) <br><br> Defendant(s) | Case No.: 2:10-cv-01950-GMN-LRL <br><br> AMENDED COMPLAINT <br> Pursuant to Fed R. Civ P. 15(a) 1(b) <br><br> 1. DECLARATORY RELIEF; <br> 2. QUIET TITLE; <br> 3. MONEY DAMAGES FOR FRAUDULENT ATTEMPT TO COLLECT <br><br> DEMAND FOR JURY TRIAL PURSUANT TO RULE 38, FED.R.CIV.PRO. AS TO ALL ISSUES SO TRIABLE |

SUMMONS IN A CIVIL ACTION

To: (Defendant's name and address)

>Bank of America, N.A.
>Brian Maynihan, President, CEO
>100 N. Tryon St.
>Charlotte, NC  28263


>MERS - Mortgage Electronic Registration Services
>R.K. Arnold, President and CEO
>1818 Library Street, Suite 300
>Reston, VA  20190

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) - or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P.12(a)(2) or (3) - you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

1

Cody B. West
4316 Blushed Meadows Road
North Las Vegas, NV  89031

    If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date  *11-22-10*                   *Cody B. West*
                                                        Cody B. West


CLERK OF COURT


Date _____          _____
                                    Signature of Clerk or Deputy Clerk

UNITED STATES DISTRICT COURT
For the District of Nevada

| | |
|---|---|
| CODY B. WEST<br><br>Plaintiff<br><br>vs.<br><br>BANK OF AMERICA HOME LOANS and<br><br>BANK OF AMERICA N.A. and<br><br>BAC HOME LOANS SERVICING, LP,<br><br>RECONTRUST COMPANY and<br><br>MERS (Mortgage Electronic Registration Systems)<br><br>Defendant(s) | Case No.: 2:10-cv-01950-GMN-LRL<br><br>AMENDED COMPLAINT<br>Pursuant to Fed R. Civ P. 15(a) 1(b)<br><br>1. DECLARATORY RELIEF;<br>2. QUIET TITLE;<br>3. MONEY DAMAGES FOR FRAUDULENT ATTEMPT TO COLLECT<br><br>DEMAND FOR JURY TRIAL PURSUANT TO RULE 38, FED.R.CIV.PRO. AS TO ALL ISSUES SO TRIABLE |

## CERTIFICATE OF MAILING

I, Cody B. West, hereby certifies that a copy of the Amended Complaint Pursuant to Fed R. Civ. P. 15(a) 1(b) filed on the 22 day of November, 2010, in the above-entitled case was mailed by me on November 22, 2010 by depositing copies thereof in a sealed envelope, first-class postage prepaid, in the United States mail, to

> Aaron M. Waite, Esq.
> The Cooper Castle Law Firm, LLP
> 5275 South Durango Drive
> Las Vegas, NV  89113
>
> Sarai L. Brown, Esq
> The Cooper Castle Law Firm, LLP
> 5275 South Durango Drive
> Las Vegas, NV  89113
>
> Bank of America Home Loans
> Barbara J. Desoer, President
> 333 So. Hope
> Los Angeles, CA  90071-1406

3

## CERTIFICATE OF MAILING, cont'd

Recontrust Company
2380 Performance Drive
Building C
Mail Stop TX2-984-04-07
Richardson, TX  75082

BAC Home Loans Servicing, LP
400 National Way
Simi Valley, CA  93065-6285

Dated:  November 22, 2010

*Cody B. West* (signature)
Cody B. West
Plaintiff
In Proper Person

4