Cody B. West
4316 Blushing Meadows Road
North Las Vegas, NV 89031
Telephone (702) 575-2532
Plaintiff in Proper Person

2010 DEC 20  A 10: 43

UNITED STATES DISTRICT COURT
District of Nevada

CODY B. WEST )
 )
PLAINTIFF ) Case No.: 2:10-cv-01950-GMN - LRL
 )
vs. )
 ) MOTION FOR SUMMARY JUDGMENT
BANK OF AMERICA, N.A. and )
 )
BANK OF AMERICA HOME LOANS and )
 )
BAC HOME LOANS SERVICING LP and )
 )
RECONTRUST COMPANY and )
 )
MERS - Mortgage Electronic Registration )
 )
Services )
 )
DEFENDANTS )
 )

    Cody B. West, Plaintiff, in proper person, submits his Motion for Summary Judgment on the grounds that Defendants are not in standing with the Court.

    This Motion filed with the Court is because Defendants cannot show ownership of the alleged Mortgage Loan.

    Through attempts beginning in March, 2010 and continuing until October, 2010, it was determined from Defendants' responses that they are not the owners and holders in due course of the Mortgage in question. Through securitization of this loan which is an illegal action by the bank to alter accounting as well as deriving income from numerous sales because the bookkeeping systems by MERS and their affiliates is incomplete. Defendants were unwilling to cooperate with Plaintiff's many attempts to determine ownership of the Mortgage in question.

1

Defendants claim of ownership is fraud and has caused untold damage and harm to Plaintiff.

Plaintiff's request for relief is justified by the many cases before Supreme Courts of the United States that have stated that failure to provide the original Deed of Trust Mortgage, Note and other related original documents is cause for relief with prejudice in favor of the Plaintiff in this case.

To show standing with the Court Defendants must have access to the original Deed of Trust, the Mortgage Note and supporting original documents. In the case of Mortgage Electronic Registration Systems, Inc. v. Chong, Case No. 2:09-CV-0661-KJD-LRL (2009), the United States District Court, District of Nevada stated that "MERS did not establish it was a real party in interest. MERS was unable to prove it had possession of the note or at least provide evidence that it was a representative of the mortgage loan holder, which it failed to do."

Additionally, in a Landmark decision in the Kansas Supreme Court, National Bank v. Kesler, 289 Kan. 528,216 P.3d 158(2009). "Kan. Stat. Ann. § 60-260(b) allows relief from a judgment based on mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence that could not have been timely discovered with due diligence; fraud or misrepresentation; a void judgment; a judgment that has been satisfied, released, discharged, or is no longer equitable; or any other reason justifying relief from the operation of the judgment. The relationship that the registry had to the bank was more akin to that of a straw man than to a party possessing all the rights given a buyer."

Also in September of 2008, a California Judge ruling against MERS concluded, "There is no evidence before the court as to who is the present owner of the Note. The holder of the Note must join in the motion." Wells Fargo v. Reyes, 867 N.Y.S.2d 21 (2008). Case dismissed with prejudice, fraud on the Court and Sanctions because Wells Fargo never owned the Mortgage.

In conclusion we move that the Court grant this Motion for Summary Judgment to include determination that

The Trust Deed has been unenforceable by defendants from the first transfer of the debt as set out hereinabove.

Defendant Bank's pretense of authority to continue collection of the mortgage payments, to foreclose, or attempt to foreclose, under the Trust Deed would be fraudulent.

Defendant Bank's assertions to the Court herein that they hold and are entitled to enforce the debt would constitute a fraud upon the Court, subjecting defendants to sanctions and imposition of fees and costs under Rule 11, F.R.C.P.

The Court should enter its Order herein forthwith to defendants, jointly and severally, to pay to Plaintiff its fees and costs, together with reasonable attorney's fees, to be shown by affidavit, and to reimburse to Plaintiff its fees, charges, principal and interest paid fraudulently under the debt and Trust Deed.

**WHEREFORE**, Plaintiff prays that the Court grant this Order herein:

1. Enjoining further dispositions of the subject realty pending resolution hereof.

2. Declaring that Defendants lack any interest in the subject property which might permit them to foreclose, or attempt to foreclose, the Trust Deed and/or to sell the subject property;

3. Terminating all present collection activities upon any security in the subject property and enjoining any further such collection actions not originated by the owners of the debt.

4. Declaring that the Trust Deed is not a lien against the subject property, ordering the immediate release of the Trust Deed of record, and quieting title to the subject property in Plaintiff and against Defendants and all claiming by, through, or under them;

5. Refunding Plaintiff from Defendants, jointly and severally, all fees and charges, principal and interest paid under the Trust Deed, and awarding Plaintiff its cost of the action, including reasonable attorney's fees; and

/

/

/

6.  For such other and further relief as the Court deems just in the premises.

Dated this 20 day of December, 2010.

*Cody B. West*
Cody B. West
Plaintiff
In Proper Person

## CERTIFICATE OF MAILING

I, Cody B. West, hereby certifies that a copy of the Motion for Summary Judgment filed on the 20 day of December, 2010, in the above-entitled case was mailed by me on December 20, 2010 by depositing copies thereof in a sealed envelope, first-class postage prepaid, in the United States mail, to

| | |
|---|---|
| Ariel E. Stern, Esq. | Christine M. Parvan, Esq. |
| Akerman Senterfitt LLP | Akerman Senterfill LLP |
| 400 South Fourth Street, Suite 450 | 400 South Fourth Street, Suite 450 |
| Las Vegas, NV  89101 | Las Vegas, NV 89109 |

Bank of America, N.A.
Brian Maynihan, President, CEO
100 N. Tyron St.
Charlotte, NC  28263

Bank of America Home Loans
Barbara J. Desoer, President
1757 Tapo Canyon Road
Simi Valley, CA  93063

BAC Home Loans Servicing, LP
400 National Way
Simi Valley, CA  93065-6285

Recontrust Company
2380 Performance Drive
Building C
Mail Stop TX2-984-04-07
Richardson, TX  75082

MERS - Mortgage Electronic Registration Systems
RK Arnold, President CEO
1818 Library Street, Suite 300
Reston, VA  20190

Dated: December 20, 2010

_Cody B. West_
Cody B. West
Plaintiff
In Proper Person