ARIEL E. STERN
Nevada Bar No. 8276
CHRISTINE M. PARVAN
Nevada Bar No. 10711
AKERMAN SENTERFITT LLP
400 South Fourth Street, Suite 450
Las Vegas, Nevada 89101
Telephone:	(702) 634-5000
Facsimile:	(702) 380-8572

*Attorneys for Defendants*
*BAC Home Loans Servicing, LP,*
*Bank of America, N.A., ReconTrust*
*Company, N.A., and MERS*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CODY WEST,<br><br>             Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A., BANK OF AMERICA HOME LOANS, BAC HOME LOANS SERVICING, LP, RECONTRUST, and MERS (MORTGAGE ELECTRONIC REGISTRATION SYSTEMS),<br><br>             Defendant. | Case No.: 2:10-cv-01950-GMN-LRL<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT** |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

Plaintiff Cody West does not dispute that he signed the notes and deeds of trust secured by the property now in foreclosure. He does not dispute that he defaulted on the loans. Yet, he seeks to avoid the result of the default through litigation.

Plaintiff admits he breached his promise to repay the money he borrowed. His complaint blames defendants for this failure, alleging defendants failed to properly explain the loans, reduce payments, or offer loan modifications. Plaintiff also alleges that Defendants were "paid in full when [they] sold

the loan involved to others…[and are] owed nothing because they have been paid in full…" *See* Amended Complaint at 2:1-2. Despite Plaintiff's allegation that Defendants were "paid in full when [they] sold the loan…," they also curiously alleges that Defendants failed to accept their "tender" of payment in full for the loan, and that this failure to accept constituted Defendants' agreement to Plaintiff's purported cancellation of the loan. *See* Amend. Compl. at 7:27-8:7. In his opposition, Plaintiff ignores much of defendants' arguments that his alleged "tender" of payment is fraudulent and insufficient, that Defendants did not violate TILA and/or RESPA, that Defendants need not produce the original note to institute a non-judicial foreclosure, that securitization does not invalidate the note, or that plaintiffs must show they were not in default to maintain a claim for wrongful foreclosure.

## II.

## LEGAL ARGUMENT

### A.  The Complaint Violates Rule 8(a)

The Motion to Dismiss pointed out that the Complaint improperly lumps the Defendants together in its allegations, thereby requiring dismissal. (Motion, 5:13-24) (citing *Gen-Probe, Inc., v. Amoco Corp.*, 926 F.Supp. 948, 960 (S.D.Cal. 1996); *Gauvin v. Trombatore*, 682 F.Supp. 1067, 1071 (N.D.Cal. 1988) (lumping defendants together fails to satisfy Rule 8 notice provision). Plaintiff completely fails to respond to this argument and, in his Opposition, continues to lump together all defendants. Because there are no direct allegations against moving defendants individually, all of Plaintiff's claims against Defendants should be dismissed.

### B.  Many of Plaintiffs' Claims Are Barred by the Statutes of Limitations

The complaint makes clear that many of the claims are time-barred. The loans closed on February 6, 2006, over four (4) years before Plaintiff filed his complaint. *See* Amend. Compl. at 4:23-5:2. Much of the alleged misconduct, including alleged fraudulent inducement, and allegations which, while not specifically pled, form the basis for some of Plaintiff's other claims, occurred before the loans closed.

/ / /

{LV016376;1}                                         2

1. ***Second Claim for Relief***: Plaintiff does not address moving defendants' arguments that his fraud claim is barred by the applicable statute of limitations. (Motion, 6:9-12). Plaintiff's silence is a tacit admission that this cause of action is time-barred.

2. ***Third Claim for Relief***. Plaintiff does not address moving defendants' arguments that his TILA claim is barred by the applicable statute of limitations. (Motion, 6:13-17). Plaintiff's silence is a tacit admission that this cause of action is time-barred.

## C. Defendants Need Not Show the Original Note

Plaintiff's Opposition focuses almost entirely on a typical argument included in defaulting borrowers' complaints—that moving defendants must show the "original note" in order to foreclose. (*E.g.*, Opp'n., 1:23-24.). This Court has passed on this theory many times – and repeatedly rejected it. A typical discussion of the issue is found in *Kemberling v. Ocwen Loan Servicing, LLC*, Case No. 2:09-cv-00567, 2009 WL 5039495 (D. Nev. Dec. 15, 2009):

> Defendants are not required to produce the original loan documents. Courts across the country have rejected claims by plaintiffs asserting a duty by the lender to provide the original note under the U.C.C. to prove its holder in due course status. [Citations] Plaintiff's argument that Defendants' failure to produce the original Note demonstrates they have no legal interest in the property fails. *Id*. at *3.

This holding has been affirmed in several more recent District of Nevada decisions. *See Joyner v. Bank of Am. Home Loans*, No. 2:09-cv-2406-RCJ-RJJ, at 8 (D.Nev. July 26, 2009); *Aguilar v. WMC Mortgage Corp.*, 2:09-cv-1416-ECR-PAL, 2010 WL 185951, at *2 (D.Nev. Jan. 15, 2010).

Plaintiff cites no authority to support his argument that to initiate a foreclosure action, the party trying to foreclose must demonstrate that it is the holder of not only the Deed of Trust, but also the Promissory Note itself. (Opp'n., 1:25-28). The case Plaintiff cites stems from a *bankruptcy* decision holding MERS lacked standing to initiate a motion for relief from the automatic stay. (Opp'n, 2:7-11, citing *Mortgage Electronic Registration Systems v. Lisa Marie Chong, Lenard E. Schwartzer, Bankruptcy Trustee, et al.*, Case No. 2:09-CV-0661-KJD-LRL (2009)). This case is inapposite because Plaintiff's lawsuit does not challenge actions taken in bankruptcy court (where

AKERMAN SENTERFITT LLP
400 SOUTH FOURTH STREET, SUITE 450
LAS VEGAS, NEVADA 89101
TEL.: (702) 634-5000 – FAX: (702) 380-8572

1  Rule 17 real-party-in-interest principles apply), and because Plaintiff has not alleged that MERS
2  sought to initiate the foreclosure.

3  **D.     Plaintiff's Complaint Does Not State a Claim for Fraud**

4  As explained in the motion to dismiss, a fraud claim must meet the requirements of Fed. R.
5  Civ. P. 9(b). (Motion, 7:24-8:6.)  Defendants argued that "[i]n alleging fraud or mistake, a party
6  must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).
7  "The particularity requirement of Rule 9(b) is designed to 'give defendants notice of the particular
8  misconduct which is alleged to constitute the fraud charged so that they can defend against the
9  charge and not just deny that they have done anything wrong.'" *Neubronner v. Milken*, 6 F.3d 666,
10 671 (9th Cir. 1993).  To be sufficient, a plaintiff should allege the time, place and manner of the
11 alleged fraudulent activities.  *Moore v. Kayport Package Express, Inc*., 885 F.2d 531, 540 (9th Cir.
12 1989); *see also Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) (fraud allegations should
13 include the "who, what, where, when and how").  Generally, a plaintiff must attribute particular
14 fraudulent statements or acts to individual defendants.  *Moore*, 885 F.2d at 540.  If the plaintiff
15 alleges only corporate fraud, the plaintiff "should include the misrepresentations themselves with
16 particularity and, where possible, the roles of the individual defendants in the misrepresentations."
17 *Id*. at 540.   This complaint does not plead, even generally, the who, what, where, when, and how of
18 any fraud.  Plaintiff does not allege any facts stating that any individual Defendant owed him a duty
19 to make disclosures to him about the loan and the risks of the lending transaction he entered.  Nor
20 could he.  <u>Defendants were not involved in the origination of the loan</u>.  Further, even if any
21 defendant was the originating lender, which they are clearly not, it is settled law in Nevada (and
22 elsewhere) that a lender owes no fiduciary duty to advise the borrower about the propriety of the
23 loan. *See, e.g., Reed v. Countrywide Bank, FSB*, Case No. 2:09-cv-00319, slip op. at 5-6 (D. Nev.
24 Mar. 23, 2009) (mortgage lender owes no fiduciary duty to borrower, and no "exceptional
25 circumstances" exist in such a situation to give rise to a "special relationship"); *Hoskins v.*
26 *Countrywide Home Loans*, Case No. 2:09-cv-00166, slip op. at 2 (D. Nev. Mar. 18, 2009);
27 *Yerrington Ford, Inc., v. GMAC*, 359 F. Supp. 2d 1075, 1089 (D. Nev. 2004), *overruled on other*
28

AKERMAN SENTERFITT LLP
400 SOUTH FOURTH STREET, SUITE 450
LAS VEGAS, NEVADA 89101
TEL.: (702) 634-5000 – FAX: (702) 380-8572

*grounds by Giles v. GMAC*, 494 F.3d 865 (9th Cir. 2007).  Defendants did not have any relationship with Plaintiffs before the loans closed.

Plaintiff also implies that Defendants attempt to commit "fraud against the Court" by producing "counterfeit" loan documents. (Opp'n., 2:2-4).  Plaintiff seems to believe that, because Defendants have not produced the original note, which they are not required to do, as discussed below, this is somehow a "fraud" on the Court.  The case Plaintiff cites for this proposition, *Wells Fargo v. Reyes*, 867 N.Y.S.2d 21 (2008) (unpublished), is an unpublished New York case where Plaintiff Wells Fargo filed an ex parte motion for service of a supplemental summons by publication upon Defendant Reyes and related relief in a mortgage foreclosure action.  In *Reyes*, Defendant borrowed $617,500.00 from lender WMC, secured by a mortgage recorded at the Office of the City Register of the City of New York by MERS, as nominee for WMC.  MERS acted as mortgagee of record.  Wells Fargo attempted to bring the subject action, but the Court, upon review of the recorded documents, found that MERS never assigned the subject mortgage to Wells Fargo or any other party.  Thus the Court held that Wells Fargo lacked standing to bring suit.  The *Reyes* case is not just dissimilar to the instant matter, but completely irrelevant.  Here, Defendants have established that MERS assigned the beneficial interest in the subject loan to BAC and substituted ReconTrust as Trustee. (Motion, 3:12-15).

Rather than pointing to specific allegations of the "who, what, where, when, and how" of the alleged fraud, Plaintiff remains silent in his Opposition.  Plaintiff's Complaint is deficient and should be dismissed.

### E. Plaintiff's Attack on MERS Has Been Rejected

Plaintiff uses his Opposition to introduce the new theory that "MERS did not establish it was a real party in interest…[and] was unable to prove it had possession of the note…" (Opp'n., 2:9-10). Although the plain language in the deed of trust allows MERS to act as the nominee beneficiary, Plaintiff believes that any transfer of the deed of trust or foreclosure involving MERS is fraudulent. Plaintiff is incorrect.

/ / /

{LV016376;1}                                         5

AKERMAN SENTERFITT LLP
400 SOUTH FOURTH STREET, SUITE 450
LAS VEGAS, NEVADA 89101
TEL.: (702) 634-5000 – FAX: (702) 380-8572

As noted above, the case Plaintiff cites is a *bankruptcy* decision holding MERS lacked standing to initiate a motion for relief from the automatic stay (Opp'n, 2:7-11, citing *Mortgage Electronic Registration Systems v. Lisa Marie Chong, Lenard E. Schwartzer, Bankruptcy Trustee*, *et al.*, Case No. 2:09-CV-0661-KJD-LRL (2009)). This case is inapposite because Plaintiff's lawsuit does not challenge actions taken in bankruptcy court (where Rule 17 real-party-in-interest principles apply), and because Plaintiff has not alleged that MERS sought to initiate the foreclosure, only that it substituted ReconTrust as trustee. The District of Arizona has rejected the same attack on MERS, stating that the Court "fail[ed] to see how the MERS system commits a fraud upon Plaintiff . . . The fact that MERS does not obtain such rights as to collect mortgage payments or obtain legal title to the property in the even of non-payment does not transform MERS' status into a 'sham.'" *Cervantes v. Countrywide Home Loans, Inc.*, Case No. CV 09-517, 2009 WL 3157160 (D. Ariz. Sept. 24, 2009); *Ciardi v. Lending Co., Inc.*, Case No. CV 10-0275-PHX-JAT, 2010 WL 2079735 (D. Ariz. May 24, 2010). There is nothing wrongful about the use of MERS that would render a foreclosure invalid – and multiple judges, including the Nevada federal courts,[1] the Nevada state courts[2] and elsewhere,[3] have had no difficulty holding that MERS has standing to foreclose and have approved

---

[1] *Vazquez v. Aurora Loan Servs.*, Case No 2:08-cv-01800, slip op. at 2 (D. Nev. Mar. 30, 2009) (holding that the loan documents sufficiently demonstrated standing by Defendants, including MERS, "with respect to the loan and the foreclosure"); *Orzoff v. Mortgage Electronic Registration Systems, Inc*., Case No. 2:08-cv-01512, slip op. at 9-10 (D. Nev. Mar. 26, 2009) ("MERS does have standing [to participate in foreclosure proceedings as a nominee beneficiary]. . . . Courts around the country have held the same."); *Gonzalez v. Home American Mortgage Corp*., Case No. 2:09-cv-00244, slip op. at 7-9 (D. Nev. Mar. 12, 2009) (upholding right of MERS and ReconTrust, as successor trustee, to initiate non-judicial foreclosure without presenting the note); *Ramos v. MERS, Inc.*, Case No. 2:08-cv-1089-ECR-RJJ, 2009 WL 5651132, at *3 (D. Nev. Mar. 5, 2009) ("[U]nder the deed of trust, MERS was empowered to foreclose on the property and to appoint [another defendant] as substitute trustee for purpose of conducting the foreclosure."); *Elias v. HomeEq Servicing*, 2009 WL 481270, at *1 (D. Nev. Feb. 25, 2009) (same).

[2] *Khalil v. Fidelity National Default Solutions Tustin*, Case No. A560582, slip. op. at 3 (Dist. Ct. Clark County Nov. 24, 2008) ("MERS, as a lender's nominee and the named beneficiary [on the Deeds of Trust], ha[d] standing to foreclose").

[3] *Jackson v. Mortgage Elec. Registration Sys., Inc.*, 770 N.W.2d 487 (Minn. Aug. 13, 2009) (MERS may institute foreclosure proceedings under a deed of trust even if it did not possess an interest in the note); *Farahani v. Cal-Western Reconveyance Corp.*, 2009 WL 1309732, at *2-3 (N.D. Cal. May 8, 2009) (upholding MERS' role in pursing non-judicial foreclosure); *Trent v. Mortgage Elec. Registration Sys., Inc.*, 288 F. App'x 571, 572 (11th Cir. 2008) ("Under the contracts, [MERS] has the legal right to foreclose on the debtors' property" and "is the mortgagee."); *Mortgage Elec. Sys., Inc., v. Ventura*, 2006 WL 1230265, at *1 (Conn. Super. Apr. 20, 2006) (MERS, acting as nominee for the lender and its successors and assigns, was the correct party to bring foreclosure action); *Mortgage Elec. Registration Sys., Inc., v. Revoredo*, 955 So.2d 33, 34 (Fla. App. 2007) ("no substantive rights, obligations or defenses are affected by the use of the MERS device").

{LV016376;1}                                                  6

MERS's role as a nominal beneficiary or mortgagee under a mortgage instrument. In short, use of MERS did not extinguish Plaintiff's loan obligations or otherwise render any foreclosure wrongful under Nevada law.

### F. No Wrongful Foreclosure Due to Securitization

Plaintiff does not attempt to defend his assertion that the foreclosure of her property is wrongful because Defendants allegedly securitized his loan. (Motion, 6:18-7:7) The authority cited by Defendants in their motion to dismiss was unopposed in Plaintiff's Opposition—another admission that Plaintiff has no claim against Defendants. Plaintiff's claims of fraud or wrongful foreclosure based on the allegation that the loan was securitized should be dismissed.

### G. Plaintiff's Silence is a Tacit Admission that Defendants Have No Liability Under TILA

Plaintiff ignores Defendants' argument that they did not violate TILA (Motion, 9:4-10:6). He provides no authority to support the assertion in his Amended Complaint that Defendants violated any provision of TILA. His silence is a tacit admission that Defendants have no liability under TILA.

### H. Failure to Accept Tender of Payment is Not a Valid Claim

In their motion, Defendants provided case law debunking similar theories to the one put forth in Plaintiff's complaint alleging that he sent BOA defendants a multitude of documents constituting a full pay-off of his loan. (Motion, 11:20-13:15). Plaintiff's silence in his Opposition is a tacit admission that the theory has no merit and does not support any claim against Defendants. Any claim based on the allegation that Defendants refusal of the "Offer" or related documents is grounds for discharging the debt should be dismissed.

### I. Plaintiff Has Failed to Establish a Fiduciary Duty

In their motion, Defendants clearly established that they did not owe Plaintiff a fiduciary duty. (Motion, 13:17-25). Plaintiff's Opposition is entirely devoid of any response to Defendant's argument, and this silence is an admission that any claims based on alleged breach of fiduciary duty must be dismissed.

{LV016376;1}                                    7

**J.     Counterfeit Securities is Not a Valid Claim**

Similarly, Plaintiff has failed to address Defendants' argument that counterfeit securities, a criminal violation governed by federal statute, is not a cause of action. Plaintiff's claim must therefore be dismissed.

## IV.

## CONCLUSION

Neither the amended complaint nor Plaintiff's Opposition state any claims for which relief can be granted. Plaintiff borrowed funds which he failed to repay. His delivery of a worthless and fraudulent purported payment instrument does not give rise to any cause of action.

For these reasons, Defendants respectfully request that this Court dismiss Plaintiffs' Complaint with prejudice.

DATED this 30th day of December, 2010.

**AKERMAN SENTERFITT LLP**

  /s/ Ariel E. Stern
ARIEL E. STERN
Nevada Bar No. 8276
CHRISTINE M. PARVAN
Nevada Bar No. 10711
400 South Fourth Street, Suite 450
Las Vegas, Nevada  89101

*Attorneys for Defendants*
*BAC Home Loans Servicing, LP,*
*Bank of America, N.A. ReconTrust,*
*and MERS*

{LV016376;1}                                    8

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on the 30th day of December, 2010 and pursuant to Fed. R. Civ. P. 5(b), I served via CM/ECF and/or deposited for mailing in the U.S. Mail a true and correct copy of the foregoing **REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT** postage prepaid (if necessary) to all parties listed on the U.S. District Court's CM/ECF system.

CODY B. WEST
4316 Blushed Meadows Road
North Las Vegas, Nevada 89031

*Pro Se Plaintiff*

                                                      /s/ Stacy Warner
                                    An employee of AKERMAN SENTERFITT LLP

AKERMAN SENTERFITT LLP
400 SOUTH FOURTH STREET, SUITE 450
LAS VEGAS, NEVADA 89101
TEL.: (702) 634-5000 – FAX: (702) 380-8572