Cody B. West
4316 Blushing Meadows Road
North Las Vegas, NV 89031
Telephone (702 ) 575-2532
Plaintiff in Proper Person

2011 JAN 11  A 10: 33

## UNITED STATES DISTRICT COURT
### District of Nevada

| | |
|---|---|
| CODY B. WEST | )<br>) |
| PLAINTIFF | )<br>) Case No.: 2:10-cv-01950-GMN-LRL |
| vs. | )<br>) |
| BANK OF AMERICA, N.A. and | ) OPPOSITION TO DEFENDANTS REPLY<br>) OF MOTION TO DISMISS AMENDED<br>) COMPLAINT |
| BANK OF AMERICA HOME LOANS and | ) And REQUEST FOR DISMISSAL OF<br>) DEFENDANTS MOTION TO DISMISS |
| BAC HOME LOANS SERVICING LP, | ) AMENDED COMPLAINT<br>) |
| RECONTRUST, and | )<br>) |
| MERS - Mortgage Electronic Registration | )<br>) |
| Services | ) |
| DEFENDANTS | |

Cody B. West, Plaintiff, in proper person, submits his Opposition to Defendants Reply of Motion to Dismiss Amended Complaint.

In the Motion filed with the Court it is evident that the Defendants cannot show ownership of the alleged Mortgage Loan. The paramount fundamental issue in this case is Holder in Due Course and that Defendants do not own, have not owned and do not even know where ownership of this loan resides.

Defendants response to the Amended Complaint fails to address the undisputed fact that Bank of America and its subsidiary companies do not own the mortgage loan in question. They have asked for Dismissal by stating Plaintiff defaulted on a Mortgage Loan that they can in no way prove ownership of. Plaintiff was in default on this loan but determined by audit and legal

attempt to satisfy loan with pay-off that Defendants have no evidence of ownership of the mortgage loan in question. Defendants are now being sued by the States of Nevada, Arizona as well as countless suits being filed in practically every state in the nation for their lack of standing, holder in due course, fraud, mishandling of loan documents through their subsidiary companies as well as through MERS. To this extent, the Attorney General, State of Nevada, said on ABC news that due to Bank of America's arrogance and unwillingness to cooperate that the State of Nevada had no alternative but to file suit against Bank of America for their wrong doings in handling mortgage loans in this State.

Defendants do not now own nor have ever owned this mortgage by failure to hold and possess the original Deed of Trust Mortgage, original note, and other pertinent documents. They persist in bringing into the Court counterfeit copies of documents that anyone can take from the internet which our contention would be fraud upon the Court. In prior documents, they have also shown as exhibits copies of correspondence between Plaintiff and Defendants that have been altered and are not complete.

Response to Defendants Legal Argument

A.      Complaint Violates Rule 8(a)

As stated in Defendants Argument on page 2 line 13, Plaintiff has sued Bank of America N.A. (BOA), Bank of American Home Loans, a wholly owned subsidiary of BOA, Bank of America Home Loans Servicing LP, a wholly owned subsidiary of BOA, Recontrust, a wholly owned subsidiary of BOA, and MERS. It is proper in cases where more than one defendant is adjoined by claim on the mortgage in question that each and all related parties be brought forth in the suit. The original lender sold the mortgage to Countrywide who was then acquired by BOA. BOA through its acquisition of the mortgage in question, assumed all duties and responsibilities of the same. Plaintiff continues to contend that the mortgage loan in question was sold through securitization countless times. Once again, the paramount fundamental issue in this case is Holder in Due Course.

B.      Many of Plaintiff's Claims Are Barred by the Statutes of Limitations

Plaintiff objects to Defendants allegations that many of the claims are time barred. Once again, the paramount fundamental issue in this case is Holder in Due Course.

C.    Defendants Need Not Show the Original Note

       In Defendants reply on page 3 line 7, the statement that Defendants do not need to show the original note has been shown by a Landmark decision in the Supreme Court State of Kansas and on January 7, 2011 the State of Massachusetts Supreme Court in another Landmark decision as to holder in due course as false.  In January, 2011, Bank of America has been made to pay 3 BILLION DOLLARS to Fannie Mae and Freddie Mac for their mishandling of mortgage loans and which the mortgage loan in question may be a part.

       To show standing with the Court Defendants must have access to the original Deed of Trust, the Mortgage Note and supporting original documents.   These Landmark cases have proven that mortgage banks must prove ownership with original documents instead of mere copies.  In the case of Mortgage Electronic Registration Systems, Inc. v. Chong, Case No. 2:09-CV-0661-KJD-LRL (2009), the United States District Court, District of Nevada stated that "MERS did not establish it was a real party in interest.  MERS was unable to prove it had possession of the note or at least provide evidence that it was a representative of the mortgage loan holder, which it failed to do."  Additionally, in a Landmark decision in the Kansas Supreme Court,  National Bank v. Kesler, 289 Kan. 528,216 P.3d 158(2009). "Kan. Stat. Ann. § 60-260(b) allows relief from a judgment based on mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence that could not have been timely discovered with due diligence; fraud or misrepresentation; a void judgment; a judgment that has been satisfied, released, discharged, or is no longer equitable; or any other reason justifying relief from the operation of the judgment. The relationship that the registry had to the bank was more akin to that of a straw man than to a party possessing all the rights given a buyer." Also in September of 2008, a California Judge ruling against MERS concluded, "There is no evidence before the court as to who is the present owner of the Note. The holder of the Note must join in the motion." Wells Fargo v. Reyes, 867 N.Y.S.2d 21 (2008). Case dismissed with prejudice, fraud on the Court and Sanctions because Wells Fargo never owned the Mortgage.  In LaSalle Bank v. Ahearn, 875 N.Y.S. 2d 595 (2009), the case was dismissed with prejudice - lack of standing. In another case, Novastar Mortgage, Inc. v. Snyder 3:07CV480 (2008), it was ruled that "Novastar has the burden of establishing its standing.  It has failed to do so."

D.      Plaintiff's Complaint Does Not State a Claim for Fraud

Defendants argue that Plaintiff does not state a claim for fraud which is not the fundamental and paramount issue of this case.  Yet courts in the states of Florida, Tennessee, Kentucky, Arkansas, Minnesota, New York, New Jersey, Massachusetts, as well as numerous others, have all brought similar suits against Bank of America and their subsidiaries for various types of fraud in the handling of their mortgage loans.  Once again, the paramount fundamental issue in this case is Holder in Due Course.

E.      Plaintiff's Attack on MERS Has Been Rejected

MERS cannot show by evidence that it is a party of interest - holder in due course - of the mortgage loan in question and therefore any transfer of the deed of trust or foreclosure involving MERS is fraudulent.

The cases referred to by Defendants on page 6 would without a doubt be overturned by appeal courts in light of all of the Landmark supreme court decisions as well as countless other appeal court decisions throughout this country.  Once again, the paramount fundamental issue in this case is Holder in Due Course.

F.      No Wrongful Foreclosure Due to Securitization

At line 4, page 7, Defendants continue to state that the Plaintiff is in foreclosure on his property which Plaintiff does not deny but felt it would be inappropriate to continue paying on a mortgage where ownership of same was the paramount question.  Therefore the statements made by Defendants about wrongful foreclosure due to securitization is denied by Plaintiff.  However, Plaintiff does have a claim against Defendants for fraud but this is not the paramount cause of action of this suit.  Plaintiff does defend his assertions in his Motion regarding securitization.

G.      Plaintiff's Silence is a Tacit Admission that Defendants Have No Liability Under TILA

In response to statements made on page 7, line 11 - Plaintiff has not been silent about the liability under TILA and totally reject Defendants claim.  Once again, this is not the paramount fundamental cause of action of this case.

H.      Failure to Accept Tender of Payment is Not a Valid Claim

In response to statements made on page 7, line 17, failure to accept tender of payment is a rightful claim for voiding the mortgage loan.  Plaintiff can show that it submitted a payment

instrument for the full amount that was rejected by Defendants because conditions for payment stated that the original loan documents must be presented to Acting Agent for payment. This supports the paramount fundamental issue in this case which is Holder in Due Course.

I.      Plaintiff Has Failed to Establish a Fiduciary Duty

        In response to statements made on page 7, line 23 - Plaintiff totally denies that Defendants did not owe Plaintiff a fiduciary duty. Once again, the paramount fundamental issue in this case is Holder in Due Course.

J.      Counterfeit Securities is Not a Valid Claim

        In response to statements made on page 8, line 1 - Defendants claim that Counterfeit securities is not a valid claim is totally rejected by Plaintiff and is a cause of action. Once again, the paramount fundamental issue in this case is Holder in Due Course.

        In conclusion, Defendants in this case cannot show standing - holder in due course - therefore Plaintiff moves that the Court dismiss Defendants Motion to Dismiss for lack of standing in this case and grant Plaintiff's request to dismiss Defendants Motion for Dismissal.

Dated this _11_ day of January, 2011.

                                        Cody B. West
                                        Cody B. West
                                        Plaintiff
                                        In Proper Person

## CERTIFICATE OF MAILING

I, Cody B. West, hereby certifies that a copy of the Opposition To Defendants Reply Of Motion To Dismiss Amended Complaint And Request For Dismissal Of Defendants Motion To Dismiss Amended Complaint filed on the _11_ day of January, 2011, in the above-entitled case was mailed by me on January _11_, 2011 by depositing copies thereof in a sealed envelope, first-class postage prepaid, in the United States mail, to

Ariel E. Stern, Esq.                    Christine M. Parvan, Esq.
Akerman Senterfitt LLP                  Akerman Senterfill LLP
400 South Fourth Street, Suite 450      400 South Fourth Street, Suite 450
Las Vegas, NV  89101                    Las Vegas, NV 89109

Bank of America, N.A.
Brian Maynihan, President, CEO
100 N. Tyron St.
Charlotte, NC  28263

Bank of America Home Loans
Barbara J. Desoer, President
1757 Tapo Canyon Road
Simi Valley, CA  93063

BAC Home Loans Servicing, LP
400 National Way
Simi Valley, CA  93065-6285

Recontrust Company
2380 Performance Drive
Building C
Mail Stop TX2-984-04-07
Richardson, TX  75082

MERS - Mortgage Electronic Registration Systems
RK Arnold, President CEO
1818 Library Street, Suite 300
Reston, VA  20190

Dated:  January _11_, 2011

_Cody B. West_
Cody B. West
Plaintiff
In Proper Person

6