ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
CHRISTINE M. PARVAN, ESQ.
Nevada Bar No. 10711
AKERMAN SENTERFITT LLP
400 South Fourth Street, Suite 450
Las Vegas, Nevada 89101
Telephone:     (702) 634-5000
Facsimile:     (702) 380-8572
Email: ariel.stern@akerman.com
Email: christine.parvan@akerman.com

*Attorneys for Defendants*
*BAC Home Loans Servicing, LP,*
*and ReconTrust Company, N.A.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CODY B. WEST,<br><br>          Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA HOME LOANS, BANK OF AMERICA, N.A., BAC HOME LOANS SERVICING, LP, RECONTRUST COMPANY, and MERS (MORTGAGE ELECTRONIC REGISTRATION SYSTEMS),<br><br>          Defendants. | Case No.: 2:10-cv-01950-GMN-LRL<br><br>**OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** |

Defendants BAC Home Loans Servicing, LP (also improperly sued as "Bank of America Home Loans") ("BAC"), Bank of America, N.A. ("BOA N.A."), ReconTrust Company, N.A. ("ReconTrust") (collectively "BOA Defendants"), and Mortgage Electronic Registration Systems ("MERS") (collectively "Defendants"), hereby oppose the Motion for Summary Judgment filed by Plaintiff Cody B. West ("Plaintiff"). This opposition is based on the papers and pleadings on file herein, the accompanying memorandum of points and authorities, and any argument that the court may entertain at the hearing of Plaintiff's motion.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiff borrower defaulted on his loan, yet seeks through litigation to avoid his payment obligations. Plaintiff breached his promise to repay the money he borrowed. Plaintiff alleges that Defendants were "paid in full when [they] sold the loan involved to others…[and are] owed nothing because they have been paid in full…" *See* Amended Complaint at 1:28-2:2. Despite Plaintiff's allegation that Defendants were "paid in full when [they] sold the loan…," he also curiously alleges that Defendants failed to accept his "tender" of payment in full for the loan, and that this failure to accept constituted Defendants' agreement to Plaintiff's purported cancellation of the loan. *See* Amend. Compl. at 7:27-8:7. Plaintiff contends that he tendered payment for a residential mortgage loan in full through a written "Notice of Fault" and related documents allegedly delivered to BOA defendants and/or MERS. This contention is false. Plaintiff has not delivered an original, valid payment instrument to Defendants. The Notice of Fault and related documents at issue in this case are fraudulent documents without any legal validity.

## II.

## BACKGROUND FACTS

On February 6, 2006, Aspen Mortgage LLC ("Aspen") loaned Plaintiff $232,000.00 ("Loan 1") to purchase the property located at 4316 Blushed Meadows Road, North Las Vegas, Nevada 89031, Parcel #124-31-210-062. Loan 1 was secured by a deed of trust on the property recorded in the Clark County Recorder's Office. Mortgage Electronic Registration Systems, Inc. ("MERS") acted as nominee for Aspen and was the nominal beneficiary under the deed of trust. Ticor Title of Nevada, Inc. ("Ticor") was the trustee. Also on February 6, 2006, Aspen loaned Plaintiff an additional $58,0000 secured by a second deed of trust on the property recorded in the Recorder's Office. MERS acted as nominee for Aspen and was the nominal beneficiary under the second deed of trust. Ticor was the trustee. MERS assigned the beneficial interest in the loan to BAC and substituted ReconTrust as Trustee. Countrywide serviced the loans.

Plaintiff defaulted on his loan, so ReconTrust executed and recorded a "Notice of Default and Election to Sell." Recontrust also executed and recorded a Notice of Trustee's Sale. However, to date, the Trustee's Sale has not taken place. Plaintiff does not allege that he is current on his loan payments.

Plaintiff alleges he paid off the loans in full by tendering copies of documents, without any actual payment, to Defendants. Amend. Compl. at 7:27-8:7. The series of documents at issue in this case are fraudulent documents without any legal validity. Plaintiffs' alleged "tender" of payment is not merely insufficient, but nonexistent.

Plaintiff's motion for summary judgment should be denied because Plaintiff has failed to include any relevant facts or supporting evidence, and only relies on conclusory allegations regurgitated from his previously-filed pleadings.

## III.
## LEGAL ARGUMENT

### A.   Applicable Standard

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn there from, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact and the material lodged by the moving party must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "'[A] material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the differing versions of the truth.'" *Lynn v. Sheet Metal Workers' Int'l Ass'n*, 804 F.2d 1472, 1483 (9th Cir. 1986) (*quoting Admiralty Fund v. Hugh Johnson & Co.*, 677 F.2d 1301, 1306 (9th Cir. 1982)). On those issues for which it bears the burden of proof, the moving party must make a showing that is

{LV018150;1}                                      3

1  "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving
2  party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v.*
3  *Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).  "A mere scintilla of evidence will
4  not do, for a jury is permitted to draw only those inferences of which the evidence is reasonably
5  susceptible; it may not resort to speculation." *British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952
6  (9th Cir. 1978); see also *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 596 (1993)
7  ("[I]n the event the trial court concludes that the scintilla of evidence presented supporting a position
8  is insufficient to allow a reasonable juror to conclude that the position more likely than not is true,
9  the court remains free... to grant summary judgment.").  The mere existence of a scintilla of evidence
10 in support of the plaintiff's position will be insufficient to establish a genuine dispute there must be
11 evidence on which the jury could reasonably find for the plaintiff. *Anderson v. Liberty Lobby, Inc.*,
12 477 U.S. 242, 252 (1986).

**B.**    **Plaintiff Fails to Establish Any Facts in Support of Summary Judgment**

Plaintiff's Motion is merely a recitation of conclusory allegations and citations to irrelevant and disimilar cases contained in his previous filings (*see e.g.* Amended Complaint and Plaintiff's Opposition to Defendants' Motion to Dismiss).  Plaintiff has failed to include a single fact in support of his Motion for Summary Judgment, thereby precluding entry of same in his favor.  Summary judgment is appropriate only when the facts are developed and not in dispute.  Merely alleging vague conclusions, i.e. that "[d]efendants cannot show ownership of the alleged Mortgage Loan" (Motion, 1:22-23) without absolutely any factual or other evidence in support of this claim, does not meet the standard required to grant a Motion for Summary Judgment.  Plaintiff has not included any facts and evidence to show that he is entitled to judgment as a matter of law; in fact, he has not included any facts or evidence <u>at all</u>.

Further, even if this Court were to take all of Plaintiff's allegations as true, the Complaint still fails as a matter of law for the reasons stated in Defendants' pending Motion to Dismiss, which are briefly summarized below.

/ / /

/ / /

{LV018150;1}   4

#### C.     <u>Plaintiff's Securitization Argument is Meritless</u>

Plaintiff claims that Defendants "are not the owners and holders in due course of the Mortgage in question …[t]hrough securitization of this loan which is an illegal action by the bank to alter accounting as well as deriving income from numerous sales..." Motion at 1:22-26. Plaintiff's claims have been consistently rejected by courts. Securitization of a loan does not diminish the underlying power of sale that can be exercised upon the trustor's breach. *Hafiz v. Greenpoint Mortgage Funding, Inc.*, 652 F.Supp.2d 1039, 1043 (N.D.Cal. 2009) (argument that power of sale is lost upon sale to a loan pool is "unsupported and incorrect"); *Benham v. Aurora Loan Services LLC*, No. C-09-2059 SC, 2009 WL 2880232, at *3 (N.D.Cal. Sept. 1, 2009) (same); *see also Ritter v. Countrywide Home Loans, Inc.*, No. 2:10-cv-624, 2010 WL 2342535, at *1-2 (D.Nev. June 4, 2010) (argument that plaintiffs did not know owner of loan due to securitization did not entitle plaintiffs to a temporary restraining order).

Plaintiff's theory that securitization of his loan provides a basis for a claim invalidating the loan or Defendants' rights to service the loan remains meritless and should be rejected.

#### D.     <u>Plaintiff Has Failed to Establish Any Fraud by Defendants</u>

Plaintiff claims that "[d]efendant Bank's pretense of authority to continue collection of the mortgage payments, to foreclose, or attempt to foreclose, under the Trust Deed would be fraudulent." Motion at 3:1-2. Plaintiff fails to cite any facts or evidence in support of his claim that Defendants' actions constitute fraud. As discussed in Defendants' Motion to Dismiss, Plaintiff's claim appears to be partially based on the contention that Defendants wrongfully induced him to enter into an agreement for the loan(s). Amend. Compl. at 8:13-14. However, Plaintiff does not allege any facts stating that any individual Defendant owed him a duty to make disclosures to him about his loan(s) and the risks of the lending transaction(s) he entered. Nor could he. <u>Defendants were not involved in the origination of the loan.</u>[1]

---

[1] As discussed in Defendants' Motion to Dismiss, even if any defendant was the originating lender, which they are clearly not, it is settled law in Nevada (and elsewhere) that a lender owes no fiduciary duty to advise the borrower about the propriety of the loan. *See, e.g., Reed v. Countrywide Bank, FSB*, Case No. 2:09-cv-00319, slip op. at 5-6 (D. Nev. Mar. 23, 2009) (mortgage lender owes no fiduciary duty to borrower, and no "exceptional circumstances" exist in such a situation to give rise to a "special relationship"); *Hoskins v. Countrywide Home Loans*, Case No. 2:09-cv-00166, slip op. at 2 (D. Nev. Mar. 18, 2009); *Yerrington Ford, Inc., v. GMAC*, 359 F. Supp. 2d 1075, 1089 (D. Nev. 2004),

{LV018150;1}      5

In addition, Plaintiff cannot prevail on a fraud theory because he ratified the loan contracts by his conduct. "Generally, contract ratification is the adoption of a previously formed contract, notwithstanding a quality that rendered it relatively void and by the very act of ratification the party affirming becomes bound by it and entitled to all proper benefits from it." *Merill v. Demott*, 113 Nev. 1390, 1396, 951 P.2d 1040 (1997) (quoting *Shagun v. Scott Mfg. Co.*, 162 F. 209, 219 (8th Cir. 1908)).

Plaintiff has failed to establish any facts or evidence in order to meet the burden required to grant his Motion for Summary Judgment. Simply alleging generic "fraud," without any evidence in support of same, falls far short of the standard requiring that he establish that no genuine issue of material facts exists.

### E. Moving Defendants' Need Not Produce the Original Note

#### 1. *Plaintiff's "Securitization" Argument is Meritless*

As discussed above, Plaintiff's claim that Defendants have been paid in full for the note because the note was "sold" has been consistently rejected. Securitization of a loan does not diminish the underlying power of sale that can be exercised upon the trustor's breach. *See Hafiz* (N.D.Cal. 2009). Plaintiff's claim should be rejected.

#### 2. *Moving Defendants Have No Duty To Produce The Original Note*

Plaintiff asserts that Defendants have no claim to the payments due on the loan because they failed to produce the original note. *See* Amend. Compl. at 8:3-5. As "support" Plaintiff asserts that "many cases before Supreme Courts [sic] of the United States..have stated that failure to provide the original Deed of Trust Mortgage, Note and other related original documents is cause for relief with prejudice in favor of the Plaintiff…" Motion at 2:2-4. It is unclear which Supreme Court cases Plaintiff references, but the case Plaintiff cites stems from a *bankruptcy* decision holding MERS lacked standing to initiate a motion for relief from the automatic stay. (Motion, 2:6-11, citing *Mortgage Electronic Registration Systems v. Lisa Marie Chong, Lenard E. Schwartzer, Bankruptcy Trustee, et al.*, Case No. 2:09-CV-0661-KJD-LRL (2009)). This case is inapposite because

---

*overruled on other grounds by Giles v. GMAC*, 494 F.3d 865 (9th Cir. 2007). Defendants did not have any relationship with Plaintiff before the loans closed.

{LV018150;1}                                      6

1 Plaintiff's lawsuit does not challenge actions taken in bankruptcy court (where Rule 17 real-party-in-interest principles apply), and because Plaintiff has not alleged that MERS sought to initiate the foreclosure.

Defendants have no duty to produce the original note, and such production is not necessary to establish their right to enforce the terms of the loan. *See Dinsmore-Thomas* at 4 (C.D.Cal. 2009) ("the Court cannot see how Defendant is required to return the original note to Plaintiff in lieu of a copy of the note"). This Court has passed on this theory many times – and repeatedly rejected it. Plaintiff's theory that Defendants waive all their rights or somehow finalize "the Lender's claim as satisfied in full" because they did not produce "the original wet ink contract" is meritless, and insufficient to support summary judgment in Plaintiff's favor.

## IV.

## CONCLUSION

Plaintiff has failed to meet the stringent burden required to grant summary judgment in his favor. He has failed to present any facts or evidence in support of any of his claims. Even if this Court takes all of the allegations contained in Plaintiff's Complaint and Motion as true, all claims still fail as a matter of law, as established in Defendants' Motion to Dismiss.

For these reasons, Defendants respectfully request that the court deny Plaintiff's Motion for Summary Judgment in its entirety.

DATED this 13th day of January, 2011.

**AKERMAN SENTERFITT LLP**

 /s/   Ariel E. Stern
ARIEL E. STERN
Nevada Bar No. 8276
CHRISTINE M. PARVAN
Nevada Bar No. 10711
400 South Fourth Street, Suite 450
Las Vegas, Nevada  89101

  *Attorneys for Defendants
BAC Home Loans Servicing, LP,
Bank of America, N.A., ReconTrust
Company, N.A., and MERS*

{LV018150;1}                                     7

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 13th day of January, 2011 and pursuant to Fed. R. Civ. P. 5(b), I served via CM/ECF and/or deposited for mailing in the U.S. Mail a true and correct copy of the foregoing **OPPOSITION TO MOTION FOR SUMMARY JUDGMENT,** postage prepaid (if necessary) to all of the following parties:

Cody B. West
4316 Blushed Meadows Road
North Las Vegas, Nevada 890131

*Plaintiff*

　　　　　　　　　　　　　　　　　　　　 /s/     Stacy Warner
　　　　　　　　　　　　　　　　　　　　An employee of AKERMAN SENTERFITT LLP