1 Cody B. West
4316 Blushing Meadows Road
2 North Las Vegas, NV 89031
Telephone (702 ) 575-2532
3 Plaintiff in Proper Person

4

5

6

7

UNITED STATES DISTRICT COURT
District of Nevada

8  CODY B. WEST                                   )
                                                  )
9        PLAINTIFF                                )   Case No.: 2:10-cv-01950-GMN-LRL
                                                  )
10       vs.                                      )
                                                  )
11  BANK OF AMERICA, N.A. and                     )   MOTION TO COMPEL ANSWERS TO
                                                  )   INTERROGATORIES AND ADMISSIONS
12  BANK OF AMERICA HOME LOANS and                )
                                                  )
13  BAC HOME LOANS SERVICING LP and               )
                                                  )
14  RECONTRUST COMPANY and                        )
                                                  )
15  MERS - Mortgage Electronic Registration       )
                                                  )
16  Systems
17       DEFENDANTS

18  _____

19       COMES NOW, Plaintiff, Cody B. West, in the above styled action, and moves the Court to

20  issue an order pursuant to Fed. Rules of Civ. Proc. 37 compelling Defendants Bank of America N.A.,

21  Bank of America Home Loans, BAC Home Loans Servicing, LP, ReconTrust Company, N.A.,

22  and MERS - Mortgage Electronic Registration Systems, collectively Defendants, to respond to the

23  Interrogatories and Admissions served upon them pursuant to Fed. Rules of Civ. Proc. 33 and 36, as

24  follows:

25       1.      On May 26, 2011, Plaintiff served on Defendants 20 Interrogatories in writing pursuant

26  to Rule 33 of the Federal Rules of Civil Procedure, which interrogatories are attached to this motion.

27       2.      On May 26, 2011, Plaintiff served on Defendants 15 Admissions in writing pursuant to

28  Rule 36 of the Federal Rules of Civil Procedure, which admissions are attached to this motion.

1

3.      On June 9, 2011, Defendants noticed Plaintiffs that they are not required to respond to any of the written discovery requests, which correspondence is attached to this motion.

4.      The undersigned certifies that the undersigned has in good faith attempted to confer with the Defendants' attorney in an unsuccessful effort to secure the requested information without court action.

## CONCLUSION

Plaintiff served upon Defendants Interrogatories and Admissions on May 26, 2011 and Defendants now refuse to respond based upon their contention that the requests were untimely.

Wherefore, Plaintiff moves that this court enter an order directing and requiring Defendants to answer all of the admissions and interrogatories under oath, and if necessary, extend the time of discovery to compel Defendants to answer the written requests.

Plaintiff further moves the court for an order awarding Plaintiff the reasonable expenses incurred on this motion.

Dated this 13 day of June, 2011.

Cody B. West
Cody B. West
Plaintiff
In Proper Person

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS</u>

1  Cody B. West
   4316 Blushing Meadows Road
2  North Las Vegas, NV 89031
   Telephone (702 ) 575-2532
3  Plaintiff in Proper Person

4

5

6

7                        UNITED STATES DISTRICT COURT
                              District of Nevada

8  CODY B. WEST                        )
                                       )
9            PLAINTIFF                  )   Case No.: 2:10-cv-01950-GMN-LRL
                                       )
10      vs.                            )
                                       )
11 BANK OF AMERICA, N.A. and           )
                                       )
12 BANK OF AMERICA HOME LOANS and      )   PLAINTIFF'S FIRST SET OF
                                       )   INTERROGATORIES TO  DEFENDANTS
13 BAC HOME LOANS SERVICING LP and     )
                                       )
14 RECONTRUST COMPANY and              )
                                       )
15 MERS - Mortgage Electronic Registration )
                                       )
16 Systems                             )

17           DEFENDANTS

18  _____

19      Plaintiff, Cody B. West, in the above styled action, serves these Interrogatories in accordance

20 with Fed. Rules of Civ. Proc. 26 and 33 upon Defendants Bank of America, N.A. (BofA), Bank of

21 America Home Loans, BAC Home Loans Servicing LP (BAC), ReconTrust Company, N.A. (Recon),

22 and MERS - Mortgage Electronic Registration Systems (MERS).

23      You are hereby notified to answer under oath the interrogatories numbered from 1 to 20,

24 inclusive, as shown below, within 30 days after service of the interrogatories in accordance with Rule 33

25 of the Federal Rules of Civil Procedure.  Plaintiff requests that the Defendants answer the following

26 interrogatories in writing and under oath pursuant to Rule 33 of the Federal Rules of Civil Procedure,

27 and that the answers be served on the Plaintiff within 30 days after service of these interrogatories.

28  /

                                       1

In answering these interrogatories, furnish all information, however obtained, including hearsay, that is available to you and information known by or in possession of yourself, your agents and your attorneys, or appearing in your records.

If you cannot answer the following interrogatories in full after exercising due diligence to secure the full information to do so, so state and answer to the extent possible, specifying your inability to answer the remainder, stating whatever information or knowledge you have concerning the unanswered portion and detailing what you did in attempting to secure the unknown information.  If you cannot furnish exact information, such as dates, periods or amounts, supply estimated information to the extent possible and indicate that the information is estimated.

A question that seeks information contained in or information about or identification of any documents may be answered by providing a copy of such document for inspection and copying or by furnishing a copy of such document without a request for production.

If you object to furnishing any information requested by these interrogatories on the grounds of privilege, work product or other grounds, your response should state the existence of the information, document or communication, identify the specific grounds on which your objection is based and identify the information objected to by furnishing its date, participants (e.g., names of speakers or authors or addressees) and a general description of the nature, rather than the substance of the purportedly protected information.  If the objected to information contains relevant non-objectionable matter, you should disclose it.

These interrogatories shall be deemed to be continuing until and during the course of trial. Information sought by these interrogatories that you obtain after you serve your answers must be disclosed to the Plaintiff by supplementary answers.  You are obligated to supplement your responses to these interrogatories no later than thirty days after the discovery of the new information and in no event later than fifteen days before the first day of trial.

DEFINITIONS

The following definitions apply to these interrogatories:

1.     Communication.     The term "communication" means the transmittal of information

2

(in the form of facts, ideas, inquiries, or otherwise).

2.     Document.     The term "document" is defined to be synonymous in meaning and equal in scope of the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of this term.

3.     Identify.

a.     When used in reference to a natural person means:  that person's full name, present or last known business address, present or last known business telephone number, present or last known occupation, employer, and position and that person's occupation or position during the time relevant to the particular interrogatory.

b.     When used in reference to an entity means:  its full and complete name, its type of entity (i.e., corporation, partnership, unincorporated association, trade name, etc.), the location of its principal place of business, its mailing address, and its telephone number.

c.     When used in reference to a document means:  a description of the type of document, the identity of the person or persons who authored, prepared, signed, and received the document, the date, title, and general description of the subject matter of the document, present location or custodian of the original and each copy of the document, the identity of any persons who can identify the document, and if a privilege is claimed, the specific basis for such claim, in addition to the information set forth above.

d.     The word "document" is used herein in its broader sense to mean every book, document or other tangible thing, including without limitation the following items, whether printed, typed, recorded, photographed, filmed or reproduced by any process, namely: agreements, communications, letters, memoranda, magnetic tapes, computer readable material, business records, notes, reports, photographs, and/or summaries of investigations, drawings, corporate records, desk calendars, appointment books, and any other information containing papers, writings or physical things.

4.    Parties.        The terms "plaintiffs" and "defendants" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

5.    Person.        The term "person" is defined as any natural person or any business, legal, or governmental entity, or association.

6.    You or Your.   The words "you" or "your" mean the Defendants, its present and former members, officers, agents, employees, and all other persons acting or purporting to act on its behalf, including all present or former members, officers, agents, employees, and all other persons exercising or purporting to exercise discretion, making policy and making decisions.

## INTERROGATORIES

1.    Identify each Defendant Witness with a complete disclosure, including background information, of the person identified as "most knowledgeable" to testify to the facts and circumstances surrounding claims as asserted in the Complaint.

2.    Defendant, BAC Home Loans Servicing LP, to produce authenticated copies of all agreements to support claims as "servicer of the note".

3.    Defendants to produce authenticated copies of any and all agreements between Defendants regarding Plaintiffs' indebtedness .

4.    Defendants to produce authenticated copies of any and all agreements with any entities regarding Plaintiffs' original loan documents, including the Note and Deed of Trust.

5.    Defendants to identify location, possession and produce unaltered original loan documents, including but not limited to the Note and the Deed of Trust.

6.    Defendants to identify Lender and produce copies of documentation to support the claim.

7.    Defendants to identify the Noteholder and produce copies of documentation to support this claim.

8.    Defendants to identify Investors and produce copies of the documentation to support the claim.

9.    Defendants to disclose the identity of the person or persons now owning the right to the

4

## CERTIFICATE OF MAILING

I, Cody B. West, hereby certifies that on the _26_ day of May, 2011, and pursuant to Fed R. Civ. P. 5(b), I served and deposited for mailing in the U.S. Mail PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS, postage prepaid to:

Christine M. Parvan, Esq.
Ariel E. Stern, Esq.
Akerman Senterfitt LLP
400 South Fourth Street, Suite 450
Las Vegas, NV  89101

Bank of America, N.A.
Brian Maynihan, President, CEO
100 N. Tyron St.
Charlotte, NC  28263

Bank of America Home Loans
Barbara J. Desoer, President
333 So. Hope
Los Angeles, CA  90072-1406

BAC Home Loans Servicing, LP
400 National Way
Simi Valley, CA  93065-6285

Recontrust Company
2380 Performance Drive
Building C
Mail Stop TX2-984-04-07
Richardson, TX  75082

MERS - Mortgage Electronic Registration Systems
RK Arnold, President CEO
1818 Library Street, Suite 300
Reston, VA  20190

Dated: May 26, 2011

_____
Cody B. West
Plaintiff
In Proper Person

7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PLAINTIFF'S FIRST SET OF ADMISSIONS TO DEFENDANTS

1   Cody B. West
    4316 Blushing Meadows Road
2   North Las Vegas, NV 89031
    Telephone (702 ) 575-2532
3   Plaintiff in Proper Person

4

5

6

7                        UNITED STATES DISTRICT COURT
                               District of Nevada

8   CODY B. WEST                           )
                                           )
9            PLAINTIFF                      )   Case No.: 2:10-cv-01950-GMN-LRL
                                           )
10      vs.                                 )
                                           )
11  BANK OF AMERICA, N.A. and               )
                                           )   PLAINTIFF'S FIRST SET OF ADMISSIONS
12  BANK OF AMERICA HOME LOANS and          )   TO  DEFENDANTS
                                           )
13  BAC HOME LOANS SERVICING LP and         )
                                           )
14  RECONTRUST COMPANY and                  )
                                           )
15  MERS - Mortgage Electronic Registration )
                                           )
16  Systems

17           DEFENDANTS

18  _____

19          Plaintiff, Cody B. West, in the above styled action, serves these Admissions in accordance with

20  Fed. Rules of Civ. Proc. 26 and 36 upon Defendants Bank of America, N.A. (BofA), Bank of America

21  Home Loans, BAC Home Loans Servicing LP (BAC), ReconTrust Company, N.A. (Recon), and MERS -

22  Mortgage Electronic Registration Systems (MERS).

23          Plaintiff requests Defendants within 30 days after service of this request make the following

24  Admissions for the purposes of this action only and subject to all pertinent objections to admissibility

25  which may be interposed at trial.

26  /

27  /

28  /

1

1   Defendants shall respond with the truth of any matters within the scope of Rule 26(b)(1) relating

2   to: (a) facts, the application of law to fact, or opinions about either; and  (b) the genuineness of any

3   described documents.

4   A matter is admitted unless, within 30 days after being served, the answering party shall serve on

5   the Plaintiff their written answer or objection addressed to the matter and signed by the Defendants or

6   their attorney.

7   If a matter is not admitted, the answer must specifically deny it or state in detail why the

8   answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the

9   matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the

10   answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack

11   of knowledge or information as a reason for failing to admit or deny only if the party states that it has

12   made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it

13   to admit or deny.

14   If a matter is objected to, the grounds for objecting to a request must be stated.  A party must not

15   object solely on the ground that the request presents a genuine issue for trial.

16   These Admissions shall be deemed to be continuing until and during the course of trial.

17   Information sought by these Admissions that you obtain after you serve your answers must be disclosed

18   to the Plaintiff by supplementary answers.  You are obligated to supplement your responses to these

19   Admissions no later than thirty days after the discovery of the new information and in no event later than

20   fifteen days before the first day of trial.

21   ADMISSIONS

22   Each of the following statements is true:

23   1.      Defendants admit that they are not in possession of original blue ink signature

24   documentation securing Plaintiff's indebtedness.

25   2.      Defendants admit that they are not in possession of original blue ink signature

26   documentation showing ownership of the original deed of trust and other pertinent loan documents.

27   3.      Defendants admit that they have used fraudulent means in the transfer of documentation

28   regarding the alleged loans.

4.      Defendants admit that they have created an untraceable paper trail regarding the alleged mortgage by transferring the original documentation to unknown Noteholders, Trustees and Investors.

5.      Defendants admit that they were one of the creators of the securitization process.

6.      Defendants admit that they have used fraudulent signatures on documents regarding the transfer of the alleged mortgages.

7.      Defendants admit that they have erroneously filed documents in the Clark County Recorder's Office regarding the transfer of trustees on the subject property.

8.      Defendants admit that the mortgage loan was securitized and that they do not now have any claim as holder in due course as they have been paid in full.

9.      Defendants admit that they ignored repeated attempts by Plaintiff to tender payment in full of alleged mortgage thereby admitting they are not the holders in due course of the Original Mortgage Documents.

10.     Defendants admit that they ignored repeated attempts by Plaintiff to tender payment in full of Plaintiff's mortgage thereby violating UCC3-603.

11.     Defendants admit that they did not fully respond to Plaintiff's Qualified Written Request and TILA request as required by law and thus admitted that their silence is attributed to fraud.

12.     Defendants admit that they do not know who the Noteholder is nor in which country the Noteholder resides.

13.     Defendants admit that due to the deregulation act of 1984, that this bank as well as others embarked on a vile scheme to defraud and manipulate the mortgage industry as well as the banking industry and devastate Wall Street financial institutions in the process.

14.     Defendants admit that Plaintiff's transfer of Power of Attorney and Trustee is valid according to the law and due to their non response and silence to that notice admits that they have no right under the law to transfer to any subsidiary company or unknown party the collection of Plaintiff's alleged mortgage loan.

/

/

/

3

## CERTIFICATE OF MAILING

I, Cody B. West, hereby certifies that on the 2 6 day of May, 2011, and pursuant to Fed

R. Civ. P. 5(b), I served and deposited for mailing in the U.S. Mail PLAINTIFF'S FIRST SET

OF ADMISSIONS TO DEFENDANTS, postage prepaid to:

Christine M. Parvan, Esq.
Ariel E. Stern, Esq.
Akerman Senterfitt LLP
400 South Fourth Street, Suite 450
Las Vegas, NV  89101

Bank of America, N.A.
Brian Maynihan, President, CEO
100 N. Tyron St.
Charlotte, NC  28263

Bank of America Home Loans
Barbara J. Desoer, President
333 So. Hope
Los Angeles, CA  90072-1406

BAC Home Loans Servicing, LP
400 National Way
Simi Valley, CA  93065-6285

Recontrust Company
2380 Performance Drive
Building C
Mail Stop TX2-984-04-07
Richardson, TX  75082

MERS - Mortgage Electronic Registration Systems
RK Arnold, President CEO
1818 Library Street, Suite 300
Reston, VA  20190

Dated: May 26, 2011

_Cody B. West_
Cody B. West
Plaintiff
In Proper Person

1

2

3

4

DEFENDANTS RESPONSE TO PLAINTIFF'S WRITTEN DISCOVERY REQUESTS

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5



Christine M. Parvan

Akerman Senterfitt LLP
400 South Fourth Street
Suite 450
Las Vegas, NV 89101
Tel: 702.634.5000
Fax: 702.380.8572

June 9, 2011

Cody B. West
4316 Blushed Meadows Road
North Las Vegas, Nevada 89031

   **Re:    West v. Bank of America Home Loans**

Dear Mr. West:

We are in receipt of your written discovery requests dated May 26, 2011, which our office received on May 31, 2011. Pursuant to the discovery scheduling order in this case, the discovery cut-off date was June 1, 2011. Pursuant to Rules 33, 34, and 36 of the Nevada Rules of Civil Procedure, a party is entitled thirty (30) days to respond to interrogatories, requests for production of documents, and requests for admission, respectively.

As we received your written discovery requests just one day prior to the close of discovery, your requests are untimely and do not give my client sufficient time to respond. This correspondence serves as notification that, under the above-cited rules, my client is not required to respond to any of your written discovery requests.

Sincerely,

Christine M. Parvan

CMP:sw

BOCA RATON   DALLAS   DENVER   FORT LAUDERDALE   JACKSONVILLE   LAS VEGAS   LOS ANGELES   MADISON   MIAMI   NAPLES
akerman.com   NEW YORK   ORLANDO   PALM BEACH   TALLAHASSEE   TAMPA   TYSONS CORNER   WASHINGTON, D.C.   WEST PALM BEACH

{LV023430;1}

## CERTIFICATE OF MAILING

I, Cody B. West, hereby certifies that a copy of the Motion to Compel Answers to Interrogatories and Admissions filed on the _1 3_ day of June, 2011, in the above-entitled case was mailed by me on June _1 3_, 2011 by depositing copies thereof in a sealed envelope, first-class postage prepaid, in the United States mail, to

>Christine M. Parvan, Esq.
>Ariel E. Stern, Esq.
>Akerman Senterfitt LLP
>400 South Fourth Street, Suite 450
>Las Vegas, NV  89101
>
>Bank of America, N.A.
>Brian Maynihan, President, CEO
>100 N. Tyron St.
>Charlotte, NC  28263
>
>Bank of America Home Loans
>Barbara J. Desoer, President
>333 So. Hope
>Los Angeles, CA  90072-1406
>
>BAC Home Loans Servicing, LP
>400 National Way
>Simi Valley, CA  93065-6285
>
>Recontrust Company
>2380 Performance Drive
>Building C
>Mail Stop TX2-984-04-07
>Richardson, TX  75082
>
>MERS - Mortgage Electronic Registration Systems
>RK Arnold, President CEO
>1818 Library Street, Suite 300
>Reston, VA  20190

Dated: June _1 3_, 2011

_____
Cody B. West
Plaintiff
In Proper Person

6