ARIEL E. STERN
Nevada Bar No. 8276
CHRISTINE M. PARVAN
Nevada Bar No. 10711
AKERMAN SENTERFITT LLP
400 South Fourth Street, Suite 450
Las Vegas, Nevada 89101
Telephone:     (702) 634-5000
Facsimile:     (702) 380-8572

*Attorneys for Defendants*
*BAC Home Loans Servicing, LP,*
*Bank of America, N.A., ReconTrust*
*Company, N.A., and MERS*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CODY B. WEST,<br><br>                    Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA HOME LOANS, BANK OF AMERICA, N.A., BAC HOME LOANS SERVICING, LP, RECONTRUST COMPANY, and MERS (MORTGAGE ELECTRONIC REGISTRATION SYSTEMS),<br><br>                    Defendant. | Case No.: 2:10-cv-01950-GMN-LRL<br><br>**OPPOSITION TO MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND ADMISSIONS** |

Defendants BAC Home Loans Servicing, LP (as named and also improperly named as "Bank of America Home Loans") ("BAC"), Bank of America, N.A. ("BOA N.A."), ReconTrust Company, N.A. ("ReconTrust") (collectively "BOA Defendants"), and Mortgage Electronic Registration Systems ("MERS") (collectively "Defendants") hereby oppose Plaintiff Cody West's Motion to Compel [Dkt. 28] (the "Motion"). This Opposition is based on the pleadings and papers filed herein, the Memorandum of Points and Authorities below, and any oral argument this Court wishes to entertain.

/ / /

/ / /

{LV038438;1}                              1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiff's Motion should be denied for several reasons. **First**, Plaintiff failed to even attempt to meet and confer with Defendants' counsel regarding the requests outlined in his Motion. **Second**, the majority of the "answers" or "admissions" Plaintiff seeks to compel are actually improper requests for production of documents that are not relevant to the allegations and claims made in his Complaint, and thus Defendants are not required to produce them pursuant to Fed. R. Civ. P. 34 or Fed. R. Civ. P. 26(a)(1)(A). Plaintiff's Motion is meritless and should be denied.

## II.

## BACKGROUND

On or about October 13, 2010, Plaintiff filed a Complaint pursuant to 42 U.S.C. §1983 alleging that Defendants induced him to enter into his loan and/or failed to properly explain his rights under the loan *See* Amended Complaint at 8:12-14. Plaintiff also alleges that Defendants were "paid in full when [they] sold the loan involved to others…[and are] owed nothing because they have been paid in full…" *See* Amended Complaint at 1:28-2:2. Plaintiff also alleges that Defendants failed to accept his "tender" of payment in full for the loan, and that this failure to accept constituted Defendants' agreement to Plaintiff's purported cancellation of the loan. *See* Amend. Compl. at 7:27-8:7. Plaintiff relies on a worthless, fraudulent instrument which does not comport with the terms of the loan agreement to contend that he tendered payment in full for a residential mortgage loan. Plaintiff's complaint does not allege that the non-judicial foreclosure process was improper, nor does it challenge MERS' ability to assign the deed of trust or to substitute the trustee. Notwithstanding, Plaintiff seems to believe that he is entitled to conduct discovery on issues completely outside the scope of his complaint. (*See* Plaintiff's First Set of Interrogatories to Defendants and Plaintiff's First Set of Admissions to Defendants, attached to Plaintiff's Motion [Dkt. 28]). Plaintiff is mistaken.

/ / /

/ / /

{LV038438;1}      2

Further, Plaintiff's Motion is untimely, as his written discovery requests are dated May 26, 2011; Defendants' counsel received these requests on May 31, 2011. Pursuant to this Court's discovery scheduling order [Dkt. 27], the discovery cut-off date was June 1, 2011. Defendants received Plaintiff's untimely requests just one (1) day before the discovery cut-off. Pursuant to N.R.C.P. Rules 33 and 36, a party is entitled thirty (30) days to respond to interrogatories and requests for admission, respectively. Accordingly, Defendants' counsel sent Plaintiff correspondence, via e-mail and mail on June 3, 2011 and June 6, 2011, respectively, indicating that, Defendants are not required to respond to his requests because they were not timely served and did not give Defendants adequate time to respond before the close of discovery.

### III.

### LEGAL STANDARD

Fed. R. Civ. P. 37 permits a discovering party to move for an order to compel a complete response to properly submitted interrogatories or requests for production. *Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 621 (D. Nev. 1999) (citing *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 170 (D. Nev. 1996)) (denying motion to compel and sanctions based on counsel's failure to properly meet and confer). To be "facially valid," however, a motion to compel must contain two items. *Shuffle Master, Inc.*, 170 F.R.D. at 170. These two items are: (1) A Fed. R. Civ. P. 37 (a)(2) (B) certification by the moving party, and (2) performance of the moving party. *Id.*

To satisfy the certification requirement, the moving party's certification must include specific information regarding how the moving party attempted to resolve the discovery dispute, including "the names of the parties who conferred or attempted to confer, the manner by which they communicated, the dispute at issue, as well as the dates, time, and results of their discussions, if any." *Id.* at 170-71. Moreover, the "performance" requirement "means that a moving party must in good faith confer or attempt to confer with the nonresponsive party regarding the discovery dispute." *Id.* at 171. Thus, a "moving party must personally engage in two communications with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *Id.* (citing *Nevada Power Co. v. Monsanto Co.*, 151 F.R.D. 118 (D. Nev. 1993)). In Nevada, "'conferring' under Rule 37(a)(2) (B) must be a personal or telephonic

{LV038438;1}                            3

consultation during which the parties engage in meaningful negotiations or otherwise provide legal support for their positions." *Shuffle Master, Inc.*, 170 F.R.D. at 172 (emphasis added).

## IV.

## ARGUMENT

### A.   Plaintiff Did Not Satisfy the Meet and Confer Requirement

Plaintiff does not attach Fed. R. Civ. P. 37 (a)(2) (B) certification to his Motion.  This Court should dismiss Plaintiff's Motion as void on its face.  However, even if this Court overlooks the procedural failings of Plaintiff's Motion, it is still substantively meritless and should be dismissed. Plaintiff "certifies that [he] has in good faith attempted to confer with the Defendants' attorney in an unsuccessful effort to secure the requested information without court action." Motion, ¶4.  The certification, however, does not include "the names of the parties who conferred or attempted to confer, the manner by which they communicated, the dispute at issue, as well as the dates, time, and results of their discussions, if any." *See Shuffle Master, Inc.*, 170 F.R.D. at 170-71.  The "certification" is insufficient under *Shuffle Master*.

Further, Plaintiff never contact Defendants' counsel.  Defendants' counsel did not receive any telephone calls, voicemail messages, e-mail correspondence, written correspondence, or any other form of communication from Plaintiff in response to counsel's correspondence of June 3, 2011 or June 6, 2011.  Notwithstanding, Plaintiff filed this improper Motion and "certifies" that he attempted to confer with Defendants' counsel.

### B.   Plaintiff Seeks Discovery on Claims not Included in His Complaint

Several of Plaintiff's requests should be denied because Plaintiff seeks discovery regarding claims that he did not raise in his Complaint.  Several of Plaintiff's requests, including his request for information regarding documents related to the non-judicial foreclosure process, and information regarding the signers of these documents[1], are irrelevant to any of the claims raised by Plaintiff in his

---

[1] Additionally, Plaintiff's requests for this information are vague and repetitive.  It is unclear to which "signers" Plaintiff refers, and what is meant by "complete background information."  Further, Plaintiff requests the same irrelevant information in Requests #14 and #17, and #15 and #18, respectively.

{LV038438;1}                                                  4

Complaint. *See e.g.* Motion, ¶¶ 13, 14, 15, 16, 17, and 18. The propriety of the non-judicial foreclosure process was never raised in Plaintiff's Complaint.

As this Court recognized in *Dyson Fourness v. Mortgage Electronic Registration System, Inc.*, the Court need not consider arguments on issues where "there are no facts alleged, nor claims asserted, in the complaint relating to this issue." No. 3:10-CV-40-ECR-RAM, 2010 WL 5071049, at *2 (D. Nev. Dec. 6, 2010). In *Dyson*, this Court refused to address the plaintiffs' claim, raised in an opposition to a motion to dismiss, that the non-judicial foreclosure process was improper because the substitution of trustee was recorded after the notice of default. *Id.*, 2010 WL 5071049, at *2. This Court aptly noted, "this issue is not a part of this case unless and until Plaintiffs choose to amend their complaint." *Id.*, 2010 WL 5071049, at *2. Like the plaintiffs in *Dyson*, Plaintiff has latched onto a new theory not included in his Amended Complaint. Rather than include this information in his Amended Complaint, or move to amend his Complaint again to include these new allegations, Plaintiff improperly raises them for the first time at this late stage in the litigation in this Motion. These arguments are not part of this case, and therefore are immaterial and impertinent. These same arguments do not provide a basis for Plaintiff's motion to compel.

## V.

## CONCLUSION

Based on the foregoing, Defendants respectfully request this Court deny Plaintiff's Motion and award reasonable attorney's fees to Defendants.

Dated this 29th day of June, 2011.

**AKERMAN SENTERFITT LLP**

/s/ Christine Parvan
ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
CHRISTINE M. PARVAN, ESQ.
Nevada Bar No. 10711
400 South Fourth Street, Suite 450
Las Vegas, Nevada 89101

*Attorneys for Defendants*
*BAC Home Loans Servicing, LP,*
*Bank of America, N.A., ReconTrust*
*Company, N.A., and MERS*

{LV038438;1} 5

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on the 29th day of May, 2011 and pursuant to Fed. R. Civ. P. 5(b), I served and deposited for mailing in the U.S. Mail a true and correct copy of the foregoing **OPPOSITION TO MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND ADMISSIONS** postage prepaid to all of the following parties:

CODY B. WEST
4316 Blushed Meadows Road
North Las Vegas, Nevada 89031

*Pro Se Plaintiff*

/s/ Stacy Warner
An employee of AKERMAN SENTERFITT LLP

{LV038438;1}

6