Cody B. West
4316 Blushing Meadows Road
North Las Vegas, NV 89031
Telephone (702) 575-2532
Plaintiff in Proper Person

UNITED STATES DISTRICT COURT
District of Nevada

| | |
|---|---|
| CODY B. WEST | ) |
| PLAINTIFF | ) Case No.: 2:10-cv-01950-GMN-LRL |
| vs. | ) |
| BANK OF AMERICA, N.A. and | ) PLAINTIFF'S REPLY TO DEFENDANTS |
| BANK OF AMERICA HOME LOANS and | ) OPPOSITION TO MOTION TO COMPEL |
| BAC HOME LOANS SERVICING LP and | ) ANSWERS TO INTERROGATORIES AND |
| RECONTRUST COMPANY and | ) ADMISSIONS |
| MERS - Mortgage Electronic Registration Systems | ) |
| DEFENDANTS | ) |

Plaintiff, Cody B. West, in proper person, and files his Reply to Defendants Bank of America N.A., Bank of America Home Loans, BAC Home Loans Servicing, LP, ReconTrust Company, N.A., and MERS - Mortgage Electronic Registration Systems, collectively Defendants, Opposition to Motion to Compel Answers to Interrogatories and Admissions. This Reply is based on the pleadings and papers filed herein, the Memorandum of Points and Authorities, and any oral argument this Court wishes to entertain.

MEMORANDUM OF POINTS AND AUTHORITIES

INTRODUCTION

Defendants' Opposition to the Motion recites failure on the part of the Plaintiff to meet and confer with Defendants' counsel regarding the Interrogatories and Admissions delivered to them on May 26,

1

2011. **First**, Plaintiff appears without counsel, is not schooled in the law and legal procedures, and is not licensed to practice law. It is apparent throughout all the pleadings filed by Defendants and their tardiness in responding to the Discovery Scheduling Order by this court dated April 11, 2011 that they have a total disregard and even a biased opinion about the Plaintiff representing himself in this case. Defendants did not attempt to contact Plaintiff and simply sent a letter dated June 9, 2011 stating that they are not required to respond to any of the written discovery requests. Defendants' counsel admits to receiving the written discovery requests on May 26, 2011 before the cut-off date of June 1, 2011. **Second**, Defendants now make the excuse that the requests are improper relevant to the allegations and claims made in his Complaint (see Opposition 2:5-8) and is the reason for their refusal to respond. The truth is they cannot respond because to do so would indeed support Plaintiff's Complaint and Amended Complaint. Plaintiff's Motion is with merit and should be approved by this Court for the just adjudication of this case. Defendants Opposition should be denied.

## BACKGROUND

Once again, Defendants are confused about the Complaint filed against them. The Action is clearly stated in the Amended Complaint: "Moreover, the bank has threatened to take away the family home by foreclosure unless the family continues to pay the debt. The family is thus forced to bring this action in order to 1) prevent double paying this bank on the debt and/or 2) pay the wrong party, and/or 3) prevent the wrongful taking of the family home by a bank no longer having a right to foreclose on it." (see Amended Complaint 1:25-28 and 2:1-9). Yet Defendants continue to argue the evidence and not the issue. Plaintiff believes that the Interrogatories and Admissions are within the scope of his Complaint and Defendants should be required to answer them.

Secondly, Plaintiff's Motion is timely as it was filed on June 13, 2011 well before the July 1st date cited for filing of Motions in the Scheduling Order (Dkt. 27). And the written discovery requests were indeed sent and received by Defendants' counsel BEFORE the discovery cut-off (see Opposition 3:1-4). Moreover, Defendants themselves did not timely file their initial disclosures to Plaintiff as ordered by this Court. Plaintiff provided his initial disclosures to Defendants' counsel on April 12, 2011 yet Defendants did not provide theirs until May 19, 2011, along with a CD of over 1,000 pages, including documents that are not in support of their claim of ownership of the mortgage loan in question.

LEGAL ARGUMENT

Plaintiff asks this Honorable Court to take judicial notice of the fact that I appear without counsel, am not schooled in the law and legal procedures, and am not licensed to practice law. Therefore my pleadings must be read and construed liberally. Further Plaintiff believes that this Court has a responsibility and legal duty to protect any and all of the Plaintiff's Constitutional and statutory rights; specifically by the due process clause of the Fifth and Fourteenth Amendment thereto, which invokes the due process clauses of the Seventh, Fifth and Fourteenth Amendments to said Constitution upon the States and guarantees to all private citizens the freedom of private property and the separate and, distinct common law jurisdiction of this Court, in accord with the rules of common law related to fiduciary duties.

ARGUMENT

<u>Meet And Confer Requirement</u>

To attempt to meet and confer with Defendants after receiving their refusal would have been a worthless effort that would have resulted in Plaintiff filing the same Motion to Compel Answers.

<u>Plaintiff Seeks Discovery On Claims Not Included In His Complaint</u>

The Complaint and the Amended Complaint are clear as to the reason this Action is before this Court. Defendants cannot show ownership of the alleged Mortgage which is the paramount fundamental issue in this case. Defendants refusal to answer the written discovery requests based on claims not raised in the Complaint is false. The documents requested, the location of those documents, and the identification of the signers of documents filed of public record are imperative to show ownership of the alleged Mortgage and who has the rights to the subject property conferred under the documents filed. Moreover, Defendants did not identify the name, address, title and background information of the supposed Witnesses set forth in their initial disclosures to Plaintiff as required by Fed. Rules of Civ. Proc. 26. The fact is they cannot respond because to do so would support all claims made by Plaintiff in his Complaint. Defendants wrongfully assume the Complaint was to challenge a non-judicial foreclosure. They obviously have not read the Complaint and continue to be confused about the reason for this Action before this Court - to determine ownership of the alleged mortgage.

CONCLUSION

Plaintiff served upon Defendants Interrogatories and Admissions on May 26, 2011 and

Defendants refused to respond based upon their contention that the requests were untimely and now through their Opposition, that the discovery requested regards claims not raised in Plaintiff's Complaint. Defendants do not want to answer the written discovery requests no matter when they would have been sent. They argue the evidence which provided Plaintiff the conclusion that they cannot prove their claim of ownership on the alleged mortgages and the subject property. Defendants Opposition should be denied in its entirety and this court should enter an order directing and requiring Defendants to answer all of the admissions and interrogatories under oath, and if necessary, extend the time of discovery to compel Defendants to answer the written requests.

Dated this 8 day of July, 2011.

Cody B. West
Plaintiff
In Proper Person

## CERTIFICATE OF MAILING

I, Cody B. West, hereby certifies that a copy of the Plaintiff's Reply To Defendants Opposition To Motion To Compel Answers To Interrogatories And Admissions filed on the 8 day of July, 2011, in the above-entitled case was mailed by me on July 9, 2011 by depositing copies thereof in a sealed envelope, first-class postage prepaid, in the United States mail, to

    Christine M. Parvan, Esq.
    Ariel E. Stern, Esq.
    Akerman Senterfitt LLP
    400 South Fourth Street, Suite 450
    Las Vegas, NV  89101

    Bank of America, N.A.
    Brian Maynihan, President, CEO
    100 N. Tyron St.
    Charlotte, NC  28263

    Bank of America Home Loans
    Barbara J. Desoer, President
    333 So. Hope
    Los Angeles, CA  90072-1406

    BAC Home Loans Servicing, LP
    400 National Way
    Simi Valley, CA  93065-6285

    Recontrust Company
    2380 Performance Drive
    Building C
    Mail Stop TX2-984-04-07
    Richardson, TX  75082

    MERS - Mortgage Electronic Registration Systems
    RK Arnold, President CEO
    1818 Library Street, Suite 300
    Reston, VA  20190

Dated: July 9, 2011

                                            _Cody B. West_
                                            Cody B. West
                                            Plaintiff
                                            In Proper Person