# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CODY B. WEST, )<br><br>          Plaintiff, )<br>    vs. )<br>               )<br>RECONTRUST COMPANY, BANK OF )<br>AMERICA HOME LOANS, BANK OF )<br>AMERICA, N.A., BAC HOME LOANS )<br>SERVICING, LP, RECONTRUST )<br>COMPANY, and MERS (MORTGAGE )<br>ELECTRONIC REGISTRATION )<br>SYSTEMS), )<br>               )<br>          Defendants. )<br>_____) | Case No.: 2:10-cv-01950-GMN-LRL<br><br>**ORDER** |

This is a civil action brought by self-represented Plaintiff Cody B. West against BAC Home Loans Servicing, LP (also improperly sued as "Bank of America Home Loans") ("BACHL"), Bank of America N.A. ("BOA N.A."), ReconTrust Company, N.A. ("ReconTrust") (collectively "BOA Defendants") and Mortgage Electronic Registration Systems ("MERS") (collectively "Defendants").   Plaintiff makes the following claims against Defendants: (1) failure to produce original note; (2) failure to accept tender of payment, refusal of settlement; (3) breach of fiduciary duty; (4) securitization; (5) fraud; (6) TILA violations; (7) counterfeit securities; (8) declaratory judgment; (9) quiet title; (9) accounting; and (10) refund of fees and costs.

Defendants have brought a motion to dismiss Plaintiff's claims (ECF No. 11), and Plaintiff has moved for summary judgment against Defendants (ECF No.17).  Defendants have also brought a motion to strike (ECF No. 22). The Court will GRANT Defendants' motion to dismiss due to Plaintiff's failure to plead his claims in accordance with Fed. R. Civ. P.

12(b)(6), however, Plaintiff will be given leave to amend his TILA damages, fraud, failure to accept tender of payment, and breach of fiduciary duty causes of action within 21 days.  Also, because Plaintiff has failed to state any claim upon which relief can be granted, his motion for summary judgment is DENIED without prejudice. Defendants' motion to strike is GRANTED because LR 7-2 does not provide for the filing of a Sur-Response or a Supplemental Opposition without leave of court.

## I.

## PROCEDURAL HISTORY

Plaintiff filed his Complaint on October 13, 2010. (ECF No. 1.)  Defendants removed the action to this court on November 5, 2010. *Id.*

Defendants filed a Motion to Dismiss on December 3, 2010. (ECF No. 11.) Plaintiff filed a Response to Motion to Dismiss and Request to Dismiss Motion on December 13, 2010. (ECF No. 14.)  Defendants filed a Reply to Response to Motion to Dismiss on December 30, 2010. (ECF No. 19.)  Plaintiff then filed a Sur-Response to Motion to Dismiss on January 11, 2011. (ECF No. 20.)  Defendants filed a Motion to Strike Response on January 21, 2011. (ECF No. 22.)  Plaintiff filed a Reply to Response to Motion to Strike Response on February 2, 2011. (ECF No. 25.)

Plaintiff also filed a Motion for Summary Judgment on December 20, 2010. (ECF No. 17.)  Defendants filed a Response to Motion for Summary Judgment on January 13, 2011. (ECF No. 21.)  Plaintiff filed a Reply to Response to Motion for Summary Judgment on January 24, 2011. (ECF No. 23.)

## II.

## FACTS

Plaintiff Cody B. West took out a $232,000.00 loan ("Loan 1") from Aspen Mortgage, LLC ("Aspen") on February 6, 2006, to purchase the property at 4316 Blushed Meadows

Road, North Las Vegas, Nevada, 89031, Parcel #124-31-210-062 ("the property"). (Defs.'
Mot. to Dismiss, "Note 1" Ex. A, ECF No. 11-1; "Deed of Trust 1" Ex. B, ECF No. 11-2.)

Loan 1 was secured by a deed of trust on the property recorded in the Clark County
Recorder's Office on February 14, 2006. *Id.*  Mortgage Electronic Registration Systems, Inc.
("MERS") acted as nominee for Aspen and was the nominal beneficiary under the deed of
trust, while Ticor Title of Nevada, Inc. ("Ticor") was the trustee. ("Deed of Trust 1" Ex. B,
ECF No. 11-2.)  Also on February 6, 2006, Aspen loaned Plaintiff an additional $58,000.00
("Loan 2"). (Defs.' Mot. to Dismiss, "Note 2" Ex. C, ECF No. 11-3.)

Loan 2 was secured by a second deed of trust on the property, and recorded in the
Recorder's Office on February 14, 2006. (Defs.' Mot. to Dismiss, "Deed of Trust 2" Ex. D,
ECF No. 11-4.)  Again, MERS acted as nominee for Aspen and was the nominal beneficiary
under the second deed of trust, while Ticor was the trustee. *Id.* According to Defendants,
MERS assigned the beneficial interest in the loan to BAC and substituted ReconTrust as
Trustee, while "Countrywide" serviced the loans. (Defs.' Mot. to Dismiss, 3:13-15; *See*
"Notice of Default" Ex. E, ECF No. 11-5; "Notice of Trustee's Sale" Ex. F, ECF No. 11-6.)
Bank of America Corporation ("BAC") acquired Countrywide Financial Corporation
("Countrywide") on July 1, 2008, through Countrywide's merger with a subsidiary of BAC.
Bank of Am. Corp., 2008 Annual Report (Form 10-K) (Feb. 27, 2009). BOA N.A. and
ReconTrust are wholly owned subsidiaries of BAC. *Id.*  All Countrywide operations were
rebranded as Bank of America Home Loans. Bank of Am. Corp. Press Release (Form 8-K)
(July 17, 2009); Bank of Am. Corp. "Chairman's Letter" 2008 Annual Report at 5 (Mar. 9,
2009).

Plaintiff does not allege that he is current on his loan payments. (*See* Pl.'s Am. Compl.,
ECF. No. 5.) Upon default, ReconTrust executed and recorded a "Notice of Default and
Election to Sell," dated April 29, 2010, for amounts that became due on October 1, 2009. (Ex.

1    E, ECF No. 11-5.)  Plaintiff sent letters to BACHL and ReconTrust and possibly others, as

2    well (See ECF No. 11-7, page 9) in June of 2010, stating:

3         "This letter will serve as notice as my **acceptance of your offer/claim upon**

4    **presentment of the original unaltered note or contract**. This is the first requirement under

5    the terms of this self-executing agreement. As you know, upon payment, **I am entitled to the**

6    **original note so that it may not be re-presented by another alleged 'debt collector.'** In

7    recent cases brought by various banks, the courts have thrown out the complaints for failure by

8    said banks to bring forward the Notes to prove up their claims."

9         (Defs.' Mot. to Dismiss, Ex. G, ECF No. 11-7) (emphasis in original); *see* Pl.'s Am.

10   Compl., 7:27–8:7, ECF No. 5).

11        Plaintiff claimed to be "tendering full settlement in legal tender funds held in

12   escrow…in the amount of $234,137.95" by a notary named Cynthia Castellanos[1]. *Id*.  In the

13   letter, "Defendants were given instructions to pick up funds held by the escrow agent in

14   exchange for the original, unaltered, (wet ink signature) note." (Pl.'s Am. Compl., 7:27–8:7,

15   ECF No. 5.)  According to the letter, failure to meet the described demands indicated an

16   agreement "to be bound by the terms of the Contract, Under U.C.C. 3-603 refusal of tender of

17   payment is full settlement." *Id*.

18        Plaintiff also subsequently sent an "AFFIDAVIT – COMMERCIAL OATH AND

19   VERIFICATION and Final Notice of Default" and two letters stating "Notice of Opportunity

20   to Cure!" in July 2010. *Id*.  Each letter was accompanied by an "Asseveration of Mailing." *Id*.

21        ReconTrust later executed and recorded a Notice of Trustee's Sale, dated October 10,

22   2010. (Ex. F, ECF No. 11-6.)

23   / / /

24   / / /

25

---

[1] Though a notary by that name, with accompanying seal, is found in the record (Pl.'s Compl., ECF No. 1.), these letters do not have the notary seal.

# III.

## LEGAL STANDARD

### A.     Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted.  *See North Star Int'l. v. Arizona Corp. Comm'n*., 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept*., 530 F.3d 1124, 1129 (9th Cir.2008).  Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996). Mindful of the fact that the Supreme Court has "instructed the federal courts to

liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow*

/ / /

/ / /

/ / /

1  *Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

2                                           **IV.**

3                                      **DISCUSSION**

4      **A.      Plaintiff's Claims**

5           *(1)    Failure to Produce Original Note*

6                Plaintiff's primary complaint is that he has no duty to continue making payments

7  on his mortgage and that it "has been paid in full" because Defendants failed to produce the

8  original promissory note when Plaintiff requested it. (Pl.'s Am. Compl. 9:15-18, ECF No. 5.)

9  In Nevada, a lender does not have an affirmative duty to provide the borrower with the original

10 note prior to foreclosure proceedings. *See Roberts v. McCarthy,* No. 2:11-CV-00080-KJD-

11 LRL, 2011 WL 1363811, at *4 (D. Nev. Apr. 11, 2011) ("Courts in this district have

12 repeatedly rejected claims by plaintiffs asserting a duty by the lender [prior to foreclosure] to

13 provide the original note under the U.C.C. to prove its holder in due course status."); *Byrd v.*

14 *Meridian Foreclosure Svc.*, No. 2:11-CV-00096-KJD-PAL, 2011 WL 1362135, at *2 (D. Nev.

15 April 8, 2011) ("The ever-expanding body of case law within this district hold that Nevada law

16 governing non-judicial foreclosure . . . does not require a lender to produce the original note as

17 a prerequisite to non-judicial foreclosure proceedings."); *Villa v. Silver State Fin. Serv.*, No.

18 2:10-CV-02024-LDF-LRL, 2011 WL 1979868, at *6 (D. Nev. May 20, 2011) ("[T]he court

19 has consistently held that NRS § 107.080 does not require MERS or any other similar entity to

20 show it is the real party in interest to pursue non-judicial foreclosure actions.").

21               Here, the court dismisses Plaintiff's argument without leave to amend.  Plaintiff

22 provides no legal authority indicating that he has no duty to make payments to Defendants

23 merely because the latter have not produced the original note.

24          *(2)    Failure to Accept Tender of Payment, Refusal of Settlement*

25               Plaintiff alleges that Defendants violated U.C.C. § 3-603 by failing to settle his

account after he submitted "an 'acceptance of offer/claim upon presentment of original note' tendering full settlement in legal tender funds held in escrow for [Plaintiff's account] in the amount of $234,137.95 (with fees and costs)." (Pl.'s Am. Compl. 7:28–8:2, ECF No. 5.) U.C.C. § 3-603 outlines when tender of a payment discharges a debt owed. Plaintiff's argument is known as the "bill of exchange" theory[2] and has been rejected in foreclosure cases by district courts across the country, as well as in the District of Nevada. *See Potter v. BAC Home Loans Servicing, LP*, No. 2:10-CV-02095-GMN-LRL, 2011 WL 2971204 (D. Nev. July 19, 2011); *West v. Bank of America, N.A.*, No. 2:10-CV-01966-JCM-GWF, 2011 WL 2491295 (D. Nev. June 22, 2011). *See also Hennis v. Trustmark Bank*, No. 2:10-CV-20-KS-MTP, 2010 WL 1904860, *5 (S.D. Miss. May 10, 2010); *Santarose v. Aurora Bank*, No. H-10-0720, 2010 WL 3054047, at *4 (S.D. Tex. Aug. 3, 2010); *Tesi v. Chase Home Finance*, No. 4:10-CV-272-Y, 2010 WL 2293177, at *6 (N.D. Tex. June 7, 2010).

Here, Plaintiff alleges a U.C.C. § 3-603 violation in a conclusory manner with the statement, "Under U.C.C. 3-603 refusal of tender of payment is full settlement." (Pl.'s Am. Compl. 8:7, ECF No. 5.) Plaintiff submitted neither documentation nor meaningful description of his attempts to tender payment in full. The court relies on Defendants' production of documents for reference to Plaintiff's claims. *See Defs.' Mot. to Dismiss, Ex. G, ECF No. 11-7.) Accordingly, Plaintiff's pleading on this claim is insufficient under Fed. R. Civ. P. 12(b)(6) and the cause of action is dismissed with leave to amend.

### (3) *Breach of Fiduciary Duty*

Referring to the "bill of exchange" documents, Plaintiff claims that Defendants "had a duty, as appointed fiduciaries, to acknowledge receipt of payment and to settle the Loan." (Pl.'s Am. Compl. 8:26-28, ECF No. 5.) Under Nevada law, lenders do not have a

---

[2] The court notes the similarities between this case, *Potter* and *West v. Bank of America*. The "bill of exchange" paperwork and the initial state court filings are almost exactly identical. The parties apparently used the same notary, "Cynthia Castellanos." Finally, the witness signature in this case appears to be that of one of the plaintiffs in *Potter*, and the plaintiffs in *West* share a surname with the plaintiff in this case.

1    fiduciary duty to borrowers, unless the borrowers can plead facts in which a special

2    relationship arose. *Weingartner v. Chase Home Finance*, 702 F.Supp.2d 1276, 1288 (D. Nev.

3    2010).

4              Plaintiff's claim for breach of fiduciary duty is supported solely by his statement

5    that he "appointed" Defendants as fiduciaries in his letter. (Defs.' Mot. to Dismiss, Ex. G, ECF

6    No. 11-7).  However, Plaintiff fails to allege that Defendants accepted this appointment or to

7    plead any other exceptional circumstance that would give rise to a fiduciary duty between the

8    parties.  Accordingly, Plaintiff's breach of fiduciary duty claim is dismissed with leave to

9    amend.

10             ***(4)   Securitization***

11             Plaintiff alleges that "the original promissory note was illegally converted (from

12   a note to a draft and security) and sold by [Defendants] to raise the funds to conduct their

13   business with Plaintiff, and subsequently sold to other buyers of notes an undisclosed number

14   of times, at a discount." (Pl.'s Am. Compl. 9:1-4, ECF No. 5.)  Plaintiff alleges that

15   Defendants have no "further right in the indebtedness and no right to enforce the [payments on

16   the mortgage] because [they have] been paid in full" because of Defendants' securitization of

17   the loan. (Pl.'s Am. Compl. 6:11-14, ECF No. 5.)

18             Securitization of a home loan is not illegal in the state of Nevada. *Chavez v. Cal.*

19   *Reconveyance*, No. 2:10-CV-00325-RLH-LRL, 2010 WL 2545006, at *2 (D. Nev. June 18,

20   2010) (holding that Nev. Rev. Stat. § 107.080, the state statute that outlines a loan trustee's

21   power of sale, does not forbid the securitization of a loan).  Furthermore, securitization of a

22   loan does not diminish the underlying power of sale that can be exercised upon the trustor's

23   breach, nor does it extinguish the trustor's obligation to payment of the debt. *See id.*

24             Accordingly, under Fed. R. Civ. P. 12(b)(6), Plaintiff does not state a claim upon

25   which relief can be granted, and this claim is dismissed without leave to amend.

1

### (5)   *Fraud*

2      Based upon the facts alleged in Plaintiff's securitization claim, Plaintiff also

3 asserts in conclusory fashion that Defendants have committed fraud generally and fraud in the

4 inducement. (Pl.'s Am. Compl., 8:24, 9:7, ECF No. 5.) As discussed above, securitization of a

5 home loan is not illegal. Furthermore, to establish a claim of common law fraud in Nevada, a

6 plaintiff must prove five elements: (1) A false representation made by the defendant;

7 (2) Defendant's knowledge or belief that the representation is false (or insufficient basis for

8 making the representation); (3) Defendant's intention to induce the plaintiff to act or to refrain

9 from acting in reliance upon the misrepresentation; (4) Plaintiff's justifiable reliance on the

10 misrepresentation; and (5) Damage to the plaintiff resulting from such reliance. *Bulbman, Inc.*

11 *v. Nev. Bell*, 825 P.2d 588, 592 (Nev. 1992). The plaintiff must prove each of these elements

12 with clear and convincing evidence. *Id.*  Also, Fed. R. Civ. P. 9(b) requires that allegations of

13 fraud or mistake be stated by the party "with particularity as to the circumstances constituting

14 fraud or mistake." Fed. R. Civ. P. 9(b).  Particularity requires an account of "time, place, and

15 specific content of the false representations as well as the identities of the parties to the

16 misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).  In the District

17 of Nevada, similar fraud claims against mortgage lenders have been dismissed for failing to

18 plead with particularity. *See Weingartner v. Chase Home Finance*, 702 F.Supp.2d 1276, 1289

19 (D. Nev. 2010); *Chavez*, 2010 WL 2545006, at *3.

20      Here, Plaintiff's loan apparently originated with Aspen Mortgage, not

21 Defendants. Furthermore, Plaintiff's claim does not meet the standard for pleading fraud with

22 sufficient particularity.  Therefore, this claim is dismissed with leave to amend.

23      ### (6)   *TILA Violations*

24      Plaintiff asserts a cause of action based on Defendants' "failure to provide an

25 opportunity to cancel as required by TILA," the Truth in Lending Act. (Pl.'s Am. Compl.

8:12-14, ECF No. 5.) TILA was enacted in 1968 "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit." 15 U.S.C. § 1601(a). TILA provides a one-year statute of limitations period for claims of civil damages beginning "from the date on which the first regular payment of principal is due under the loan." 15 U.S.C. § 1640(e). However, equitable tolling is available to stay the statute of limitations if the plaintiff has been prevented from discovering any potential TILA claims against defendants. *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986).

A rescission remedy under TILA is only available for three years, and the statute of limitations period begins at the "consummation of the transaction or upon the sale of the property, whichever occurs first." 15 U.S.C. § 1635(f).  This statute of limitations period, unlike the statute of limitations applicable to a TILA damages claim, is an absolute limitation not subject to equitable tolling. *Martinez v. Bank of America*, No. 2:10-CV-01387-GMN-LRL, 2011 WL 1740146, at *2 (D. Nev. May 5, 2011).

Here, the statute of limitations for rescission started running in 2006, when Plaintiff consummated the transaction of purchasing his home. (Defs.' Mot. to Dismiss, "Note 1" Ex. A, ECF No. 11-1; "Deed of Trust 1" Ex. B, ECF No. 11-2.)  Accordingly, the court finds that his last opportunity to bring a TILA rescission claim would have been in 2009. Thus, the court dismisses Plaintiff's TILA claim for rescission without leave to amend.

However, Plaintiff may have a TILA claim for damages. A TILA damages claim must plead specific facts regarding Defendants' violation of the disclosure requirements set forth in TILA. *Kimura v. Decision One Mortg. Co.*, No. 2:09-CV-01970-GMN-PAL, 2011 WL 915086, at *2 (D. Nev. March 15, 2011).  Although the one-year statute of limitations for a TILA damages claim has already run for Plaintiff, he may still be able to apply equitable tolling to his TILA damages claim if he can appropriately plead that Defendants prevented him

from discovering TILA violations. *Woodson v. Bank of America*, No. 2:10-CV-01359-KJD-GWF, 2011 WL 2135404, at \*1 (D. Nev. May 31, 2011).  However, Plaintiff has not provided specific facts or alleged a basis for equitable tolling. Accordingly, his TILA claim for damages is dismissed with leave to amend.

### (7)   *Counterfeit Securities*

Plaintiff alleges that "[t]he aforesaid Loan is a Counterfeit Security in that the Defendants deceived and defrauded [him]." (Pl.'s Am. Compl. 8:23-24, ECF No. 5.) To the extent that Plaintiff asserts a violation of 18 U.S.C. § 513, which provides for penalties against anyone who "makes, utters or possesses a counterfeited security of a State," Plaintiff's cause of actions fails.  Private parties do not have standing to prosecute violations of criminal statutes. *See Potter v. BAC Home Loans Servicing, LP*, No. 2:10-CV-02095-GMN-LRL, 2011 WL 2971204, at \*8 (D. Nev. July 19, 2011); *Sandoval v. Morrison Fin. Serv.*, No. 1:11-CV-00043-OWW-SKO, 2011 WL 98810, at \*1 (E.D. Cal. Jan. 12, 2001).  Therefore, this claim is dismissed without leave to amend.

### (8)   *Additional requests by Plaintiff*

Because Plaintiff has failed to plead any cognizable legal claims, his additional requests for declaratory judgment, quiet title, accounting, and refund of fees and costs will not be addressed here.  Should Plaintiff's new complaint state claims upon which these remedies can be granted, his request will be properly considered by the court at that time.

### B.   Motion to Strike

This court's local rules do not provide for the filing of a Sur-Response or a Supplemental Opposition. D. Nev. R. 7-2. Therefore, Plaintiff's Sur-Response to the Motion to

/ / /

/ / /

/ / /

Dismiss (ECF No. 20) will be stricken.

**V.**

**CONCLUSION**

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss is **GRANTED**.

**IT IS FURTHER ORDERED** that because Plaintiff has failed to state any claim upon which relief can be granted, his motion for summary judgment is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that the Defendants' Motion to Strike is **GRANTED**.

**IT IS FURTHER ORDERED** that **Plaintiff shall have until September 21, 2011** to amend his TILA damages, fraud, failure to accept tender of payment, and breach of fiduciary duty causes of action**.**

**DATED** this 30th day of August, 2011.

_____
Gloria M. Navarro
United States District Judge