Shadd A. Wade, Esq.
Nevada State Bar No. 11310
THE COOPER CASTLE LAW FIRM, LLP
5275 S. Durango Drive
Las Vegas, Nevada  89113
Telephone (702) 435-4175
Facsimile: (702) 877-7424
*swade@ccfirm.com*
Attorney for Defendant
South Shore Land Acquisitions, LLC

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CODY B. WEST,                              ) | |
|                                           ) | Case No.: 2:10-cv-01950-GMN-LRL |
|           Plaintiff,                      ) | |
|      v.                                   ) | |
|                                           ) | |
| BANK OF AMERICA, N.A.; RECONTRUST ) | |
| COMPANY, N.A.; BAC HOME LOANS       ) | |
| SERVICING, LP; ASPEN MORTGAGE,      ) | |
| LLC; SOUTH SHORE LAND               ) | |
| ACQUISITIONS, LLC; MORTGAGE         ) | |
| ELECTRONIC REGISTRATION SYSTEMS. ) | |
| INC.,                                     ) | |
|                                           ) | |
|           Defendants.                     ) | |

## MOTION TO DISMISS
## PLAINTIFF'S AMENDED COMPLAINT

Defendant SOUTH SHORE LAND ACQUISITIONS, LLC ("SSLA"), by and through its counsel SHADD A. WADE, ESQ. of THE COOPER CASTLE LAW FIRM, LLP, hereby submits its Motion to Dismiss Plaintiff's Amended Complaint [Document No. 35]. SSLA requests dismissal of the Complaint pursuant to FRCP 12(b)(6) for failure to state a claim upon which relief can be granted against Defendant SSLA.

C462                                          - 1 -

DATED this 6th day of September, 2011.

THE COOPER CASTLE LAW FIRM, LLP


  /s/ Shadd A. Wade, Esq.
Shadd A. Wade, Esq.
Nevada State Bar No. 11310
swade@ccfirm.com
THE COOPER CASTLE LAW FIRM, LLP
5275 South Durango Drive
Las Vegas, Nevada  89113
Attorneys for Defendant
South Shore Land Acquisitions, LLC

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

Defendant SSLA is a Nevada limited liability company, which on July 20, 2011, became the owner and title-holder of the property at issue in this case: 4316 Blushed Meadows Road, North Las Vegas, Nevada 89031 ("the property").  SSLA purchased the property at a public foreclosure auction held on July 20, 2011, and recorded its deed on August 4, 2011 (Trustee's Deed Upon Sale attached hereto as **Exhibit A.** Judicial notice of this public record is requested).

Prior to purchasing the property, SSLA researched the title to the property and all public recordings on title to the property.  SSLA found a "Lis Pendens" recorded on October 13, 2010, which references Eight Judicial District Court Case Number A-10-627154-C.  Upon researching the status of that case, SSLA found that plaintiff Cody West ("plaintiff") had voluntarily dismissed the case (Order entered January 7, 2011).  Most notably though, SSLA did not find any Notice of Removal or other filing which references the instant federal action.

Accordingly, SSLA purchased the property without *any* notice of pending litigation by any of the litigants involved.

Upon purchasing the property, SSLA contacted the current occupant to notify it of the sale and change of ownership, to arrange for access for inspection of the interior, and to explore the possibility of renting the property to the current residents.  At this time, SSLA was notified by plaintiff West that he was in active litigation, that he refused any and all notices, requests for inspection, and offers to rent the property, and that any further attempts to post notices on the property would be viewed as trespassing.  In response to Mr. West's spurious claims of ownership and in order to uphold its rights as title holder and now landlord, SSLA has initiated an unlawful detainer action against Mr. West and all occupants of the property.

On August 22, 2011, Plaintiff filed a Motion for Joinder [32] to add SSLA as a party to the instant litigation.  On August 30, 2011, this Court issued an Order [34] dismissing all of plaintiff West's causes of action as plead, with leave to amend TILA damages, fraud, failure to accept tender of payment, and breach of fiduciary duty causes of action plead against other Defendants.  None of these causes of action, even if amended and successfully prosecuted, would cause title to revert to plaintiff West. On September 1, 2011, West filed his Amended Complaint, and later caused it to be served on SSLA.  West's Amended Complaint contains no causes of action against SSLA, but prays for declaratory judgment and injunctive relief, which are equitable remedies.  SSLA brings the instant Motion to Dismiss pursuant to FRCP 12(b)(6).

**II.**

**ARGUMENT**

A. **Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See* North Star Int'l. v. Arizona

C462                                                                  - 3 -

Corp. Comm'n., 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See* NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. See Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 555).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." Mack v. S. Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for

C462                                                         - 4 -

summary judgment. *See* <u>Arpin v. Santa Clara Valley Transp. Agency</u>, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See* <u>DeSoto v. Yellow Freight Sys., Inc.</u>, 957 F.2d 655, 658 (9th Cir. 1992).

**B. <u>Plaintiff's Amended Complaint Fails to State a Claim Upon Which Relief Can be Granted.</u>**

a. <u>Injunctive Relief is Not a Cause of Action, But is a Remedy</u>

Plaintiff's Amended Complaint seeks "declaratory judgment" and "injunctive relief". There is no claim for injunctive relief in and of itself, but rather it is a remedy based upon underlying claims. Accordingly, plaintiff's request for an injunction cannot be sustained without some underlying cause of action plead against Defendant SSLA. Further, without evidence that his underlying claims have a likelihood of success on the merits dismissal is proper. As all of plaintiff's causes of action upon which an injunction might rest have been dismissed by the Court, dismissal of the current defective Complaint is also proper.

b. <u>Declaratory Judgment is Not a Cause of Action, But is a Remedy</u>

Plaintiff requests Declaratory Judgment, and cites to 28 USC § 2202 in his Complaint. This statute clearly creates a remedy, not a cause of action.

## § 2201. Creation of remedy

**(a)** In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11, or in any civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of merchandise of a free trade area country (as defined in section 516A(f)(10) of the Tariff Act of 1930), as determined by the administering authority, <u>any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.</u>

(emphasis added)

The statute is clearly intended to create a remedy available to litigants upon the filing of an "appropriate pleading". No such pleading asserting any causes of action against SSLA has been filed here, and thus dismissal of this claim for relief is appropriate.

    c.  <u>There is No Basis For a Quiet Title or Wrongful Foreclosure Action as the Foreclosure Was Proper</u>

Plaintiff's Amended Complaint does not contain a clear and concise statement of the action, or any allegations against SSLA. SSLA can only presume that plaintiff is seeking to somehow rescind the foreclosure sale of the property. Even despite plaintiff's pleading deficiencies, there exists no basis for plaintiff to undo the foreclosure sale and make a claim to title.

The non-judicial foreclosure process is governed in Nevada by N.R.S. § 107.080. As directed by the United States Supreme Court, state foreclosure statutes should not be second-guessed or usurped, otherwise "every piece of realty purchased at a foreclosure" would be challenged and title would be clouded in contravention of the very policies underlying deeds of trust and non-judicial foreclosure sales. <u>BFP v. Resolution Trust Corporation</u>, 511 U.S. 531, 539-40,544, 114 S.Ct. 1757, 128 L.Ed.2d 556 (1994); <u>Golden v. Tomiyasu</u>, 79 Nev. 503,387 P.2d 989, 997 (1963) ("...we cannot arbitrarily afford relief' from the foreclosure process.). There is no allegation of improper notice or other basis for wrongful foreclosure. As

C462      - 6 -

established above, plaintiff fails to state claims. The foreclosure was properly noticed pursuant to N.R.S. § 107.080. Moreover, the foreclosure was properly and conclusively completed. The completed foreclosure cannot now be second-guessed pursuant to the prevailing authorities as further established below.

A trustee's sale is conclusively presumed to be proper by resort to the recitals in the recorded notices and trustee's deed upon sale. N.R.S. § 107.030(a); and see, Matter of Stanfield, 6 B.R. 265 (1980); Knapp v. Doherty, 20 Ca1.Rptr Jd 1, 13-19, 2004 W.L. 209, 2002 (2004). Section 107.030(a) provides:

> That in the event of a sale of the premises conveyed or transferred in trust, or any part thereof, and the execution of a deed or deeds therefore under such trust, the recital therein of default, and of recording notice of breach and election of sale, and of the elapsing of the 3-month period, and of the giving of notice of sale, and of a demand by beneficiary, his heirs or assigns, that such sale shall be made, **shall be conclusive proof of such default, recording, election, elapsing of time, and of the due giving of such notice, and that the sale was regularly and validly made** on due and proper demand by beneficiary, his heirs and assigns; and **any such deed or deeds with such recitals therein shall be effectual and conclusive against grantor, his heirs and assigns, and all other persons**;

After the required statutory notices of default and sale were recorded, and the required time passed, the foreclosure trustee sold the property at public foreclosure auction on July 20, 2011. SSLA being the highest bidder, purchased the property and pursuant to NRS 107.030(a), is now the conclusive owner and title holder of the property. The attached recorded Trustee's Deed Upon Sale contains all of the requisite recitals as to: the recording, posting and mailing of the Notice of Default and Election to Sell; the recording, posting and mailing of the Notice of Trustee's Sale; and of the sale and price bid at auction. Accordingly, the foreclosure sale was conclusively proper pursuant to Nevada law.

      d. <u>There is No Basis For Injunctive Relief or Declaratory Judgment</u>

Plaintiff's Complaint contains a cursory request for injunctive relief (presumably against eviction by SSLA). In order to be entitled to injunctive relief, a plaintiff must allege and establish an imminent and irreparable threat of injury and a reasonable probability of success on the merits. See, Pickett vs. Comanche Construction, 108 Nev. 422, 836 P.2d 42 (1992); Dixon vs. Thatcher, 103Nev.414, 742P.2d 1029 (1997). Injunctive relief "is sought upon the theory that there is an urgent need for speedy action to protect the plaintiff's rights" under an actionable claim. See, Lydo Enterprises, Inc. v. City of Las Vegas, 745 F.2d 1211, 1213 (9th Cif. 1984). "[P]laintiff must demonstrate that there exists a significant threat of irreparable injury." Oakland Tribune, Inc. v. Chronicle Pub. Co., Inc., 762 F.2d 1374,1376 (9tl1 Cir. 1985). A past event, right or obligation that is no longer real or has been discontinued moots any right to declaratory relief or injunctive relief. See, Golden v. Zwickler, 394 U.S. 103, 109 (S.Ct. 1969). It is long established that a quiet title claim requires a plaintiff to allege that the defendant is unlawfully asserting an adverse claim to title to real property. Union Mill & Mining Co. v. Warren, 82 F. 519, 520 (D.Nev. 1897); Clay v. Scheeline Banking & Trust Co., 40 Nev. 9,159 P. 1081, 1082 -1083 (1916).

Plaintiff has not plead any underlying claims for relief. Plaintiff has not shown that he is title holder to the property, or that SSLA is unlawfully asserting an adverse claim to title to real property. Plaintiff has not shown a significant threat of irreparable harm.  If anything, plaintiff's actions are harming Defendant SSLA and its right to use and enjoyment of the property.  Further, plaintiff has not demonstrated a likelihood of success on the merits, as evidenced by the fact that his causes of action against other defendants have all been dismissed, and no new causes of action have been plead as to SSLA or any other Defendant. Accordingly, no action for quiet title exists, and injunctive relief is improper.  For these reasons, dismissal of plaintiff's complaint with prejudice is appropriate.

///

///

///

### III.

### **CONCLUSION**

Plaintiff's Amended Complaint fails to state a claim for relief, but asks the Court for remedies.  Without any actionable claims, remedies are not warranted.  Without any actionable claims present to which defendants can respond, this Court must dismiss the Amended Complaint.

Should this Court deem appropriate a hearing as to the propriety of injunctive relief, Defendant will appear and oppose same.  Should this Court order a stay of SSLA's pending eviction action, SSLA will request the requirement of a bond for fair market value rents to be posted by Plaintiff in order to protect SSLA's legal and equitable rights as title holder to the property.

DATED this 6th day of September, 2011.

                                                 THE COOPER CASTLE LAW FIRM, LLP

                                                 */s/ Shadd A. Wade*
                                                 Shadd A. Wade, Esq.
                                                 Nevada Bar No. 11310
                                                 5275 S. Durango Dr.
                                                 Las Vegas, Nevada  89113
                                                 Attorney for Defendant South Shore Land
                                                 Acquisitions, LLC

# CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of September, 2011, I electronically filed the foregoing MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT via CM/ECF system which will send a notice of electronic filing to all parties listed on the Notice of Electronic Filing, and by mailing a copy by First Class U.S. Mail to:

>Cody B. West
>4316 Blushed Meadows Road
>North Las Vegas, Nevada 89031

/s/ Sarah Donaldson
An employee of
THE COOPER CASTLE LAW FIRM, LLP