ARIEL E. STERN
Nevada Bar No. 8276
CHRISTINE M. PARVAN
Nevada Bar No. 10711
AKERMAN SENTERFITT LLP
400 South Fourth Street, Suite 450
Las Vegas, Nevada 89101
Telephone:     (702) 634-5000
Facsimile:     (702) 380-8572
ariel.stern@akerman.com
christine.parvan@akerman.com

*Attorneys for Defendants*
*Bank of America, N.A., ReconTrust*
*Company, N.A., and MERS*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CODY B. WEST,<br><br>            Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A., BAC HOME LOANS SERVICING, LP, RECONTRUST COMPANY, ASPEN MORTGAGE LLC, SOUTH SHORE LAND ACQUISITIONS, LLC, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,<br><br>            Defendant. | Case No.: 2:10-cv-01950-GMN-LRL<br><br>**JOINDER TO MOTION TO DISMISS** |

Defendants Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP (as named, and also improperly named as BAC Home Loans Servicing, LP) (**BANA),** ReconTrust Company, N.A. (**ReconTrust**) and Mortgage Electronic Registration Systems (**MERS**, and together with BANA and MERS, **BOA Defendants**), join in the Motion to Dismiss filed by defendant South Shore Land Acquisitions, LLC ("South Shore").  BOA Defendants incorporate the Memorandum of Points and Authorities submitted by South Shore, and also move to dismiss on the additional grounds discussed below.

{20756244;1}                                                                1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

On August 30, 2011, this Court dismissed, with prejudice, the majority of plaintiff Cody B. West's previously-filed causes of action and only granted him to leave to amend four (4) causes of action: (1) TILA violations; (2) fraud; (3) failure to accept tender of payment; and (4) breach of fiduciary duties.  West now brings yet another lawsuit to avoid his payment obligations, yet fails to cure the deficiencies recognized by this Court which led to prior dismissal of his claims.  It is unclear whether West even brings any causes of action under his amended complaint, which merely, and improperly, requests declaratory and injunctive relief. Plaintiff's complaint fails to allege facts setting forth any cognizable claim for relief. The Court should dismiss it pursuant to Fed. R. Civ. P. 12(b)(6).

## II.

## BACKGROUND FACTS

On February 6, 2006, Aspen Mortgage LLC ("Aspen") loaned Plaintiff $232,000.00 ("Loan 1")  to purchase the property located at 4316 Blushed Meadows Road, North Las Vegas, Nevada 89031, Parcel #124-31-210-062 ("the property").  On February 6, 2001, Loan 1 was secured by a deed of trust on the property recorded in the Clark County Recorder's Office on February 14, 2006 Mortgage Electronic Registration Systems, Inc. ("MERS") acted as nominee for Aspen and was the nominal beneficiary under the deed of trust.  Ticor Title of Nevada, Inc. ("Ticor") was the trustee.  Also on February 6, 2006, Aspen loaned Plaintiff an additional $58,0000 ("Note 2") secured by a second deed of trust on the property recorded in the Recorder's Office on February 14, 2006.  MERS acted as nominee for Aspen and was the nominal beneficiary under the second deed of trust.  Ticor was the trustee.   MERS assigned the beneficial interest in the loan to BAC and substituted ReconTrust as Trustee.  Countrywide, serviced the loans.

/ / /

Plaintiff defaulted on his loan, so ReconTrust executed and recorded a "Notice of Default and Election to Sell" for amounts that became due on October 1, 2009. ReconTrust also executed and recorded four (4) Notices of Trustee's Sale. On July 20, 2011, South Shore purchased the property at trustee's sale and promptly recorded a trustee's deed upon sale on August 4, 2011.

Prior to the sale of the property, Plaintiff filed a complaint on October 13, 2010 listing three "counts" against BAC and ReconTrust. Plaintiff filed a first amended complaint on November 22, 2010, adding Bank of America N.A., BAC Home Loans Servicing, LP, and Mortgage Electronic Registration Systems ("MERS") as defendants[1] alleging seven (7) causes of action against BAC: (1) securitization of the loans; (2) fraud in the inducement; (3) violations of the Truth in Lending Act ("TILA"); (4) failure to settle the loan and/or accept alleged tender of payment for the loan; (5) breach of fiduciary duty; (6) failure to produce the "original, unaltered, (wet ink signature)" promissory note; and (7) counterfeit securities. Following the July 20, 2011 trustee's sale, Plaintiff improperly attempted to join both South Shore and its counsel, the Cooper Castle Law Firm. Plaintiff's joinder was ineffective because it was filed (1) after the deadline to amend pleadings or add parties and (2) without a request for leave to amend. On August 30, 2011, this Court granted BOA Defendants' motion to dismiss, denied Plaintiff's motion for summary judgment, and granted Plaintiff leave to amend only <u>four</u> of his causes of action for (1) damages as a result of violations of TILA; (2) fraud; (3) failure to accept tender of payment for the loan; and (4) breach of fiduciary duty.

Instead, Plaintiff filed an improper second amended complaint, requesting only declaratory and injunctive relief, against BOA Defendants, Aspen Mortgage LLC, and South Shore. Plaintiff's complaint is incomprehensible and outlines no cognizable claims for relief, and must be dismissed.

///
///
///

---

[1] BAC Home Loans Servicing, LP was improperly named as "Bank of America Home Loans" in the initial complaint.

{20756244;1}                              3

## III.

## LEGAL ARGUMENT

**A.    Applicable Standard**

The court is familiar with the standard applicable to a motion to dismiss under Rule 12(b)(6); however, the Supreme Court recently clarified the standard in significant ways.  Rule 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  *See* Fed. R. Civ. P 8(a)(2).  According to the Supreme Court in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.*, 129 S.Ct. at 1249 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint offering only labels and conclusions or a formulaic recitation of the elements of a cause of action is not sufficient under Rule 8 *Id.*  A complaint also does not suffice if it tenders naked assertions without some factual elaboration. *Id.*  Consequently, to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  *Id.* (citing *Twombly*, 550 U.S. at 555).  Although a court must take as true all of a plaintiff's factual allegations, the court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Id.* at 1949-50; *see also Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

Courts have found that Rule 8 also prohibits lumping all defendants together in a complaint, without distinguishing between them or specifying which defendant is targeted by which allegation. *See e.g. Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948, 960 (S.D. Cal. 1996); *Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (lumping defendants together fails to satisfy Rule 8 notice provision).  Here, plaintiff makes no direct allegations against any Defendants individually.  In fact, Plaintiff makes no allegations <u>at all</u>.  Plaintiff fails to even establish any cause of action against any defendant.  He merely makes a cursory request for "declaratory" and "injunctive" relief, but this request is entirely unclear, and not based on any underlying cause of action.  This improper pleading fails even the liberal Rule 8(a) standard, as recently clarified by

{20756244;1}                                                             4

*Iqbal* and *Twombly,* and mandates dismissal.  Because Plaintiff fails to identify what each defendant allegedly did to give rise to a cause of action, and because there are no direct allegations against any defendant individually, all of Plaintiff's claims against BOA Defendants should be dismissed.

### B. Declaratory and Injunctive Relief are Remedy Requests

Plaintiff's Complaint purports to state causes of action for declaratory and injunctive relief. Declaratory and injunctive relief, however, are not proper causes of action, but are considered judicial remedies.  Where, as here, there is no viable cause of action in the Complaint, the remedy requests for declaratory and injunctive relief must be correspondingly dismissed.  *See*, *e.g.*, *Avirez Ltd. v. Resolution Trust Co.*, 876 F. Supp. 1135, 1143 (C.D. Cal. 1995).

### IV.
### CONCLUSION

The amended complaint does not state any claims for which relief can be granted.  Plaintiff borrowed funds, and made a legally enforceable promise to repay the funds.  Rather than fulfill this promise, he filed a complaint and amended complaint which this Court dismissed with only limited leave to amend.  Because Plaintiff's second amended complaint still fails to state any cognizable claim for relief, it should also be dismissed.

For these reasons, Defendants respectfully request that the court grant this motion and dismiss Plaintiff's second amended Complaint with prejudice.

DATED this 20th day of September, 2011.

**AKERMAN SENTERFITT LLP**

  /s/ Christine M. Parvan
ARIEL E. STERN
Nevada Bar No. 8276
CHRISTINE M. PARVAN
Nevada Bar No. 10711
400 South Fourth Street, Suite 450
Las Vegas, Nevada  89101

*Attorneys for Defendants*
*Bank of America, N.A., ReconTrust*
*Company, N.A., and MERS*

{20756244;1}                                    5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the 20th day of September, 2011 and pursuant to Fed. R. Civ. P. 5(b), I served and deposited for mailing in the U.S. Mail a true and correct copy of the foregoing **JOINDER TO MOTION TO DISMISS**, postage prepaid to all of the following parties:

CODY B. WEST
4316 Blushed Meadows Road
North Las Vegas, Nevada  89031

*Pro Se Plaintiff*

          /s/ Stacy Warner
An employee of AKERMAN SENTERFITT LLP

{20756244;1}                                        6