UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

CODY B. WEST,                     )
                                  )
         Plaintiff,               )
                                  )   2:10-cv-01950-GMN -LRL
v.                                )
                                  )   **O R D E R**
RECONTRUST COMPANY, *et al.*,     )
                                  )
         Defendants.              )
_____)

Before the court is *pro se* plaintiff Cody B. West's Motion to Compel, Or, in the Alternative, to Re-Open Discovery (#28). Defendants filed an Opposition (#29), and plaintiff filed a Reply (#30).

**Motion To Compel**

In the present motion to compel (#28), plaintiff West asks this court for an order requiring defendants to respond to his requests for admission and interrogatories, and, if necessary, to extend the discovery deadline. He "certifies that [he] has in good faith attempted to confer with [d]efendants' attorney in an unsuccessful effort to secure the requested information without court action." (#28).

    **A.**    **Background**

On May 26, 2011, plaintiff served defendant with interrogatories and requests for admission. (#28). Defendants did not provide answers to these discovery requests. Rather, they sent a letter to plaintiff notifying him that as the requests were untimely under Federal Rules of Civil Procedure 33, 34 and 36, they were not required to respond. *Id. See* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), and 36(a)(3) (providing that a responding party is entitled to thirty (30) days to respond to interrogatories, requests for production of documents[1], and requests for admissions). Defendants asserted that they did

---

[1] The court notes that in several of plaintiff's interrogatories, he is actually requesting the production of documents under Rule 34.

not receive the discovery requests until May 31, 2011, and because the discovery deadline was June 1, 2011, they were not afforded sufficient time to respond. *Id.*

### B.     Argument

In defendants' opposition (#29), they reassert their position that the requests were untimely, and further assert that the motion should be denied because plaintiff failed to meet and confer and is seeking information that is not relevant to his claims. With regards to the meet and confer, defendants assert that despite plaintiff's statement "certifying" that he attempted to meet and confer, he did not contact defendants' counsel via telephone, email or the like. (#29). Further, they contend that his motion should be denied because plaintiff did not attach a certification as required by Fed. R. Civ. P. 37(a)(2)(B) including how and with whom he attempted to confer. See *Shuffle Master, Inc. v. Progressive Games, Inc.,* 170 F.R.D. 166, 170 (D. Nev. 1996)( holding that a certification is insufficient if it does not include the "name of the parties who conferred or attempted to confer, the manner by which they communicated, the dispute at issue, as well as the date, time, and results of their discussions, if any.").

As far as the relevance of the requested information, defendants argue that plaintiff is improperly seeking information regarding the non-judicial foreclosure process and the parties that signed the documents relating thereto. (#29). Specifically, defendants assert that the amended complaint does not contain allegations relating to the non-judicial foreclosure process, and that plaintiff's "new theory" cannot be raised for the first time in a motion to compel. *Id.*

In support of his motion, plaintiff contends that the defendants received the requests *before* the discovery cut-off date, that the court should be lenient with him because he is appearing *pro se,* and that the requests seek information that is relevant to the claims in his amended complaint. (#30). Plaintiff asserts that the "paramount fundamental issue in this case" is that the defendants "cannot show ownership of the alleged [m]ortgage." *Id.* Therefore, he argues, the requested documents are "imperative," as they "show...who has the rights to the subject property," i.e. the right to foreclose. *Id*

**C.     Discussion**

1.     Relevance

In plaintiff's second amended complaint (#35) filed *after* the present motion was fully briefed, plaintiff asks this court to declare the parties' interests in the subject property relating to the deed of trust and the note, and to enjoin the foreclosure of thereof.  Therefore, the requested documents and admissions relating to the foreclosure process and the signatories of such documents are possibly relevant[2] to the plaintiff's second amended complaint.  *See* Federal Rule of Civil Procedure 34(a) (permitting each party to serve the opposing party with document requests within the scope of Rule 26(b) that are "relevant to the subject matter involved in the action."); *see also* Fed. R. Civ. P. 26(b) and *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978) (holding that relevance within the meaning of Rule 26(b)(1) is considerably broader than relevance for trial purposes, and means only that the materials sought are reasonably calculated to lead to the discovery of admissible evidence.).

2.     Untimeliness and Failure to Meet and Confer

The parties' stipulated discovery plan and scheduling order was filed on April 11, 2011.  (#27).  It provided approximately a month and a half for discovery, and designated a discovery cut-off date of June 1, 2011.  This is an unusually short amount of time for discovery.  The court is concerned with a *pro se* plaintiff's ability to conduct meaningful discovery in this time-frame due to his ignorance of the discovery process and the rules[3] governing it.  In this light, the court is inclined to re-open discovery in order to afford plaintiff the ability to adequately litigate his claims. See *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 584 (1972)(holding that *pro se* plaintiffs are held to a less stringent standard than those who are represented by counsel.); *see also United States ex. Rel. Schumer v. Hughes Aircraft Co., 63 F.3d 1512, 1526 (9th* Cir. 1995), cert. granted in part, 519 U.S. 926, 117 S.Ct. 293, 136 L.Ed.2d 212,

---

[2] The court is not holding that all requested information is relevant, only that there is a potential that after the parties meet and confer, certain requested documents and information will be discoverable.

[3] As the plaintiff has chosen to proceed *pro se,* he is required to familiarize himself with the Federal Rules of Civil Procedure as well as the Local Rules of this court.  See *Jacobsen v. Filler,* 790 F.2d 1362, 1364-65 (9th Cir. 1986)(holding that *pro se* parties are not excused from following the rules and orders of the court).

1  vacated on other grounds, 520 U.S. 939, 117 S.Ct. 1871, 138 L.Ed.2d 135 (1997)(holding that the
2  decision to reopen discovery rests in the sound discretion of the court.).  The new discovery cut-off date
3  is January 6, 2012.
4        It imperative that the parties meet and confer regarding the discovery issues in this case.  The
5  court will not entertain any motions to compel absent a good faith attempt to meet and confer, and the
6  plaintiff is ordered to initiate such discussions on or before October 14, 2011.  Local Rule 26-7
7  ("[d]iscovery motions will not be considered unless a statement of moving counsel is attached thereto
8  certifying that, after personal consultation and sincere effort to do so, counsel have been unable to
9  resolve the matter without court action.").
10       Accordingly, and for good cause shown,
11       IT IS ORDERED that *pro se* plaintiff Cody B. West's Motion To Compel or Re-Open discovery
12 (#28) is granted in part and denied in part, as discussed above.
13       IT IS FURTHER ORDERED that discovery in this case is re-opened and shall be extended until
14 January 6, 2012.  Plaintiff shall initiate a meet and confer session regarding his discovery requests on
15 or before October 14, 2011.
16       DATED this 7th day of October, 2011.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**