ARIEL E. STERN
Nevada Bar No. 8276
CHRISTINE M. PARVAN
Nevada Bar No. 10711
Akerman Senterfitt LLP
400 South Fourth Street, Suite 450
Las Vegas, Nevada 89101
Telephone:    (702) 634-5000
Facsimile:    (702) 380-8572
ariel.stern@akerman.com
christine.parvan@akerman.com

*Attorneys for Defendants*
*Bank of America, N.A., ReconTrust*
*Company, N.A., and MERS*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CODY B. WEST,<br><br>    Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A., BAC HOME LOANS SERVICING, LP, RECONTRUST COMPANY, ASPEN MORTGAGE LLC, SOUTH SHORE LAND ACQUISITIONS, LLC, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,<br><br>    Defendant. | Case No.: 2:10-cv-01950-GMN-LRL<br><br>**REPLY IN SUPPORT OF JOINDER TO MOTION TO DISMISS** |

Defendants Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP (as named, and also improperly named as BAC Home Loans Servicing, LP) (**BANA),** ReconTrust Company, N.A. (**ReconTrust**) and Mortgage Electronic Registration Systems (**MERS**, and together with BANA and MERS, **BOA Defendants**), file their reply in support of their Joinder to the Motion to Dismiss filed by defendant South Shore Land Acquisitions, LLC ("South Shore").

/ / /

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

On August 30, 2011, this Court dismissed, with prejudice, the majority of plaintiff Cody B. West's previously-filed causes of action and only granted him to leave to amend four (4) causes of action: (1) TILA violations; (2) fraud; (3) failure to accept tender of payment; and (4) breach of fiduciary duties. South Shore moved to dismiss West's improper second amended complaint, which requests only declaratory and injunctive relief without pleading any underlying causes of action. BOA defendants joint South Shore's motion, incorporating the points and authorities cited in the motion, and also establishing additional grounds for dismissal. West focuses the majority of his opposition on a confusing argument regarding the propriety of declaratory judgments. Because West fails to allege any facts establishing a cognizable claim for relief, his second amended complaint must be dismissed.

## II.

## LEGAL ARGUMENT

West's opposition is comprised almost entirely of arguments establishing this Court's ability to grant declaratory relief. BOA defendants do not dispute that this Court has jurisdiction and authority to grant declaratory relief <u>in those cases where such relief is appropriate</u>. However, West's second amended complaint does not state any causes of action, and merely requests declaratory and injunctive relief. Declaratory and injunctive relief, however, are not proper causes of action, but rather judicial remedies. Where, as here, there is no viable cause of action in the second amended complaint, the remedy requests for declaratory and injunctive relief must be correspondingly dismissed. *See*, *e.g.*, *Avirez Ltd. v. Resolution Trust Co.*, 876 F. Supp. 1135, 1143 (C.D. Cal. 1995). Further, West's first amended complaint was dismissed with leave to amend <u>only</u> four causes of action: (1) damages as a result of alleged TILA violations; (2) fraud; (3) failure to accept tender of payment; and (4) breach of fiduciary duties. West appears to make arguments in his opposition that fall outside of this Court's order limiting the scope of West's ability to amend (for a second time).

{22425046;1}    2

*See e.g.* Opp'n. p. 3. The *Pasillas* and *Levya* decisions cited by West are well outside the scope of amendment of the four (4) above-referenced causes of action. Further, even if this Court were to consider West's arguments regarding those cases, they substantively fail.[1]

## III.

## CONCLUSION

The amended complaint does not state any claims for which relief can be granted. West borrowed funds, and made a legally enforceable promise to repay the funds. Rather than fulfill this promise, he filed a complaint and amended complaint which this Court dismissed with only limited leave to amend. Following the proper sale of his property, West filed a second amended complaint, without stating any actual causes of action, seeking an order granting declaratory and injunctive relief which essentially prevents his eviction. Even if this Court were to interpret West's second amended complaint as seeking relief for causes of action for (1) damages as a result of alleged TILA violations; (2) fraud; (3) failure to accept tender of payment; and (4) breach of fiduciary duties, the only causes of action which this Court dismissed with leave to amend, West still fails to allege any facts in support of those claims. Because West's second amended complaint still fails to state any cognizable claim for relief, it should also be dismissed.

/ / /

---

[1] It is unclear on what basis West cites these two recent Nevada Supreme Court opinions. However, one of West's causes of action in his first amended complaint, which this Court <u>dismissed without leave to amend</u>, was based on defendants' purported failure to produce the original note. It appears that West relies on *Pasillas* and *Levya* for this proposition, even though this Court already denied this claim without giving him recourse to amend. West's reliance on unrelated state court orders is misplaced. In *Pasillas v. HSBC Bank USA*, 127 Nev. Adv. Op. 39 (July 7, 2011)), the Nevada Supreme Court issued a decision in relation to the Nevada Foreclosure Mediation Program's document production requirements and applied a "strict compliance" standard to NRS 107. *See* Opp'n, 25:18-26:24 (citing *Pasillas v. HSBC Bank USA*, 127 Nev. Adv. Op. 39 (July 7, 2011)). Similarly, the Nevada Supreme Court concluded in *Leyva* that a party appearing as the "beneficiary" at mediation must demonstrate that it is the "holder" of the note or a party in possession of the note with the rights of a "holder." *See Leyva v. National Default Servicing Corp. et al.,* 127 Nev. Adv. Op. 40 (2011). The *Pasillas* and *Levya* cases are inapposite where, as here, the issue is not the sufficiency of a lender's document production within the Nevada Foreclosure Mediation Program. More importantly, this Court already denied West's claim for relief, even after both the *Pasillas* and *Levya* decisions were rendered. Any argument by West argument that defendants' failure to produce the original note demonstrates they have no legal interest in the property fails.

For these reasons, BOA defendants respectfully request that the Court dismiss West's second amended Complaint with prejudice.

DATED this 21st day of October, 2011.

**AKERMAN SENTERFITT LLP**

/s/ Christine M. Parvan
ARIEL E. STERN
Nevada Bar No. 8276
CHRISTINE M. PARVAN
Nevada Bar No. 10711
400 South Fourth Street, Suite 450
Las Vegas, Nevada  89101

*Attorneys for Defendants*
*Bank of America, N.A., ReconTrust*
*Company, N.A., and MERS*

{22425046;1}

4

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on 21st day of October, 2011 and pursuant to Fed. R. Civ. P. 5(b), I served and deposited for mailing in the U.S. Mail a true and correct copy of the foregoing **REPLY IN SUPPORT OF JOINDER TO MOTION TO DISMISS**, postage prepaid to all of the following parties:

CODY B. WEST
4316 Blushed Meadows Road
North Las Vegas, Nevada  89031

*Pro Se Plaintiff*

Shadd Wade, Esq.
The Copper Castle Law Firm
5275 S. Durango Road
Las Vegas, Nevada  89113

*Attorneys for Defendants*
*South Shore Land Acquisitions, LLC*

                                     /s/ Stacy Warner
                                     An Employee of Akerman Senterfitt, LLP

**AKERMAN SENTERFITT LLP**
400 SOUTH FOURTH STREET, SUITE 450
LAS VEGAS, NEVADA 89101
TEL.: (702) 634-5000 – FAX: (702) 380-8572

{22425046;1}                                     5