Shadd A. Wade, Esq.
Nevada State Bar No. 11310
THE COOPER CASTLE LAW FIRM, LLP
5275 S. Durango Drive
Las Vegas, Nevada  89113
Telephone (702) 435-4175
Facsimile: (702) 877-7424
swade@ccfirm.com
Attorney for Defendant
South Shore Land Acquisitions, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CODY B. WEST, ) | |
| ) | Case No.: 2:10-cv-01950-GMN-LRL |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| BANK OF AMERICA, N.A.; RECONTRUST ) | |
| COMPANY, N.A.; BAC HOME LOANS ) | |
| SERVICING, LP; ASPEN MORTGAGE, ) | |
| LLC; SOUTH SHORE LAND ) | |
| ACQUISITIONS, LLC; MORTGAGE ) | |
| ELECTRONIC REGISTRATION SYSTEMS. ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

### EX PARTE MOTION TO EXPUNGE LIS PENDENS

Defendant SOUTH SHORE LAND ACQUISITIONS, LLC ("SSLA"), by and through its counsel SHADD A. WADE, ESQ. of THE COOPER CASTLE LAW FIRM, LLP, hereby submits its Ex Parte Motion to Expunge Lis Pendens.

On October 13, 2010, in connection with the instant lawsuit, Plaintiff Cody B. West recorded a Notice of Pendency of Action in the official records of Clark County as Instrument No. 20101013-0001026.

C462                                                   - 1 -

On September 2, 2011, in connection with the instant lawsuit, Plaintiff Cody B. West recorded a second Notice of Pendency of Action in the official records of Clark County as Instrument No. 20110902-0001386.

SSLA requests an Order expunging the two (2) lis pendens recorded against the property at issue, 4316 Blushed Meadows Road, North Las Vegas, Nevada 89031, Assessor's Parcel Number 124-31-210-062 ("the property").

DATED this 14th day of December, 2011.

THE COOPER CASTLE LAW FIRM, LLP

/s/ Shadd A. Wade, Esq.
Shadd A. Wade, Esq.
Nevada State Bar No. 11310
THE COOPER CASTLE LAW FIRM, LLP
5275 South Durango Drive
Las Vegas, Nevada  89113
swade@ccfirm.com
Attorneys for Defendant
South Shore Land Acquisitions, LLC

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

Defendant SSLA is a Nevada limited liability company, which on July 20, 2011, became the owner and title-holder of the property at issue in this case: 4316 Blushed Meadows Road, North Las Vegas, Nevada 89031 ("the property").  SSLA purchased the property at a public foreclosure auction held on July 20, 2011, and recorded its deed on August 4, 2011 (Trustee's Deed Upon Sale attached to SSLA's Motion to Dismiss [37] as **Exhibit A.**  Judicial notice of this public record is requested).

Prior to purchasing the property, SSLA researched the title to the property and all public recordings on title to the property. SSLA found a "Lis Pendens" recorded on October 13, 2010, which references Eight Judicial District Court Case Number A-10-627154-C. Upon researching the status of that case, SSLA found that plaintiff Cody West ("plaintiff") had voluntarily dismissed the case (Order entered January 7, 2011).

On August 22, 2011, Plaintiff filed a Motion for Joinder [32] to add SSLA as a party to the instant litigation. On August 30, 2011, this Court issued an Order [34] dismissing all of plaintiff West's causes of action as plead, with leave to amend TILA damages, fraud, failure to accept tender of payment, and breach of fiduciary duty causes of action plead against other Defendants. West failed to amend as allowed by the Court, but instead on September 1, 2011, West filed an Amended Complaint, and later caused it to be served on SSLA. On December 13, 2011, this Court entered an Order dismissing West's Second Amended Complaint with prejudice. As no claims or dispute as to tile to the property remain, SSLA brings the instant Ex Parte Motion to Expunge Lis Pendens.

## II.

## ARGUMENT

I. **THE LIS PENDENS ON THE SUBJECT PROPERTY MUST BE EXPUNGED BECAUSE PLAINTIFF HAS NO CLAIM OF OWNERSHIP OR TITLE AND BECAUSE PLAINTIFF'S COMPLAINTS HAVE BEEN DISMISSED WITH PREJUDICE**

Under Nevada law, a party may file and record a notice of pendency of action, or a "lis pendens" only in an action where the dispute involves foreclosure of a mortgage or the title or possession of real property. NRS 14.010. A party seeking to uphold a lis pendens must establish the following: (1) the action is for the foreclosure of a mortgage upon the real property described in the notice or affects the title or possession of the real property described

in the notice; (2) the action was not brought in bad faith or for an improper motive; (3) the party who recorded the notice will be able to perform any conditions precedent to the relief sought in the action insofar as it affects the title or possession of the real property; and (4) the party who recorded the notice would be injured by any transfer of an interest in the property before the action is concluded. NRS 14.015.

In addition, the party who recorded the notice must establish to the satisfaction of the court either: (1) that the party who recorded the notice is likely to prevail in the action; or (2) that the party who recorded the notice has a fair chance of success on the merits in the action and the injury would be sufficiently serious that the hardship on him or her in the event of a transfer would be greater than the hardship on the defendant resulting from the notice of pendency, and that if the party who recorded the notice prevails he or she will be entitled to relief affecting the title or possession of the real property. NRS 14.015(3).

In turn, under NRS 14.015(3), a lis pendens must be removed and cancelled when: (1) the party who recorded the notice will not likely prevail in the action; and (2) when the party who recorded the notice does not have a fair chance of success on the merits of the action. See NRS 14.015(3). Similarly, a lis pendens must be removed and cancelled when the court dismisses the action. See e.g., McNair Bulders, Inc. v. 1629 16th Street, L.L.C., 968 A.2d 505,508 (D.C. 2009); Hawk v. Estate of Hawk, No. 14-05-01057-CV, 2006 WL 2433966 at 6 (Tex. Civ. App. Aug. 24, 2006) (affirming trial court's cancellation of lis pendens after summary judgment, because "lis pendens [was] no longer necessary").

///

///

///

///

C462 - 4 -

In the present case, as set forth fully above, Plaintiff's Complaint and accompanying causes of action were dismissed with prejudice. Accordingly, Plaintiff: (1) is not likely to prevail in the action; *and* (2) does not have a fair chance of success on the merits in the action. Thus, there is no good faith basis for the two recorded lis pendens to remain on record. The two lis pendens cannot properly remain as an encumbrance on the subject property when Plaintiff's underlying actions have been dismissed with prejudice. Therefore, because Plaintiff's Complaints have been dismissed, this Court should enter an Order cancelling, removing, and expunging the two recorded lis pendens.  SSLA also submits an Order for same.

DATED this 14th day of December, 2011.

            THE COOPER CASTLE LAW FIRM, LLP

             /s/ Shadd A. Wade
            Shadd A. Wade, Esq.
            Nevada Bar No. 11310
            5275 S. Durango Dr.
            Las Vegas, Nevada  89113
            Attorney for Defendant South Shore Land Acquisitions, LLC